JOHN WESLEY STEWART, JR., PLAINTIFF-RESPONDENT, v. MARIE MINERVA STEWART, DEFENDANT-APPELLANT.

Argued February 17, 1970 and March 2, 1970.—

Decided October 12, 1971.

*Mr. Eldridge Hawkins,* Director, Monmouth Legal Services Organization, argued cause for appellant (*Mr. Jules L. Rossi,* on the brief).

*Mr. James D. Coffee,* Director, New Jersey State Office of Legal Services, argued *amicus curiae* (*Mr. Carl Lobel,* on the brief).

*Mr. Stephen Skillman,* Assistant Attorney General, argued *amicus curiae* (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney).

*Mr. John S. Power,* attorney for the respondent.

PER CURIAM. In 1960 plaintiff John Wesley Stewart, Jr. divorced his wife defendant Marie Minerva Stewart. John was awarded custody of their three children. Some years later Marie sought custody of the children but the Chancery Division, after a full hearing, denied the relief she sought. She appealed to the Appellate Division and applied there for a free stenographic transcript of the proceedings in the Chancery Division, asserting indigency and a constitutional right to the free transcript under the equal protection clause. She did not seek leave to proceed on an abbreviated record nor did she seek an order from the Appellate Division directing John to pay for the transcript. Her counsel was interested primarily in obtaining a broad holding that the equal protection clause entitles all appellants in civil litigation to

free transcripts on appeal, on a mere showing of indigence without preliminary screening or more. The far reaching nature of such a holding and the great litigious burdens it would impose on adverse private litigants, as well as on the judicial system, were evident to the Appellate Division which denied the appellant's request for a free transcript.

We granted leave to appeal the Appellate Division's denial, duly heard argument, and withheld determination awaiting the decision of the United States Supreme Court in *Boddie v. Connecticut,* 401 *U. S.* 371, 91 *S. Ct.* 780, 28 *L. Ed. 2d* 113 (1971). There it appeared that the practice in Connecticut, unlike the current practice in New Jersey, was to require prepayment of fees and costs of service of process from indigents seeking to maintain divorce actions. The Supreme Court struck the Connecticut requirement but did so in a narrowly written opinion which has no controlling application on the broad issue sought to be raised here. In the course of his opinion Justice Harlan emphasized and reemphasized that the Supreme Court's holding went "no further than necessary to dispose of the case before" it. It held "only that a State may not, consistent with the obligations imposed on it by the Due Process Clause of the Fourteenth Amendment, pre-empt the right to dissolve this legal relationship without affording all citizens access to the means it has prescribed for doing so." 401 *U. S.* at 383, 91 *S. Ct.* at 789, 28 *L. Ed. 2d* at 122.

On June 25, 1971 we addressed a letter reading as follows to all counsel in the *Stewart* matter before us:

In considering whether the respondent-father might not properly be called upon here to pay for the transcript and, further, whether "some sort of screening device" (66 *Colum. L. Rev.* 1322, 1337 (1966)) might not generally be feasible, the Court called for and has just obtained the transcript of the hearing on March 27, 1969. It is now available without cost for examination by all counsel and of course the appellant-mother may now freely use it in the expeditious prosecution of her appeal in the Appellate Division.

The Court requests that any further comments you wish to make with respect to the transcript or the viable issues in the proceeding be transmitted to it before the close of July, 1971.

No written communications were received in response to the above, but under date of August 12, 1971 we were notified by counsel for John Stewart that the children now reside with their mother Marie Stewart and that the case "is moot and should be dismissed." It may be assumed from the foregoing that, by agreement between the parties, custody has been voluntarily transferred from John Stewart to Marie Stewart and that no further shift of custody could occur except by voluntary agreement or court order. That being so, we are entirely satisfied that the case is moot; accordingly the proceedings below and the appeal in this Court are hereby:

Dismissed, without prejudice or costs.

*For dismissal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*Opposed*—None.