130 N.J. Super. 298 (1974)
326 A.2d 118
IN THE MATTER OF THE COMMITMENT OF WILLIAM MINEHAN.
Superior Court of New Jersey, Union County Court, Probate Division.
Decided July 10, 1974.
*299 Mr. Harold Garwin (of the Union County Legal Services) for movant.
Mr. William C. Maccarelli for Board of Chosen Freeholders of Union County (Union County Adjuster).
Mr. Lawrence Greenberg for State of New Jersey (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
DAVIDSON, J.S.C., Temporarily Assigned.
An application for transcript costs was heard and granted orally on July 10, 1974, at which time the New Jersey Department of Institutions and Agencies was ordered to pay the cost of the transcript. A stay of the order was granted to permit the State to file an appeal. This was done. Counsel for the applicant presses for a written opinion to supplement this oral determination. The court obliges.
*300 Movant was committed to Marlboro Psychiatric Hospital under N.J.S.A. 30:4-44. At the time it was determined he was indigent and his legal settlement was New Jersey.
Thereafter he sought his release and a hearing was held pursuant to N.J.S.A. 30:4-48. This hearing resulted in a denial of his release and an affirmation of his indigency. He has filed a notice of appeal of this denial and seeks an order for the transcript thereof at public expense.
Under R. 2:5-3 and R. 2:6-12 a person seeking appellate review must file a transcript to perfect his appeal. Movant was adjudged indigent at the time of his commitment and continues in that condition. He is therefore unable to pay the costs of the necessary transcript and relies on R. 2:5-3(d) in claiming that he is entitled to have the transcript prepared at public expense.
Two issues are before the court: whether R. 2:5-3(d) extends to the preparation of a transcript of proceedings relating to the involuntary civil commitment of an indigent at public expense and, if so, what meaning should be given to the term "public expense" in the circumstances of this case.

I
The State contends that in the absence of a constitutional mandate or a statutory grant of power, indigent civil litigants are not entitled to a transcript at public expense. The court finds that a constitutional mandate does exist in the instant case, and that the transcript must be supplied at public expense.
The Fourteenth Amendment to the United States Constitution guarantees that no State shall deprive any person of life, liberty or property without due process of law, or deny to any person within its jurisdiction the equal protection of the laws. Our courts have already recognized the application of these concepts to the area of civil commitment. In re Carter, 64 N.J. 382 (1974).
The United States Supreme Court, in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), held that *301 the basic rights which apply to proceedings should not be determined by the label assigned to them. The court affirmed the principle that what is at stake for the individual is what is determinative of the constitutional safeguards to be applied.
Involuntary civil commitment proceedings, although traditionally civil in nature, may similarly deprive persons of their freedom. Commitment in this case was to a state psychiatric hospital for an indefinite period of time.
Several courts have extended the holding of Gault to the area of involuntary civil commitment. Lessard v. Schmidt, 349 F. Supp. 1078 (E.D. Wis. 1972); Dixon v. Attorney General of Pennsylvania, 325 F. Supp. 966 (M.D. Pa. 1971). Our courts have extended some basic due process rights to persons challenging involuntary civil commitment. McCorkle v. Smith, 100 N.J. Super. 595 (App. Div. 1968); In re Gannon, 123 N.J. Super. 104 (Cty. Ct. 1973). In Gannon the court held (at 105) that commitment to a psychiatric hospital entailed a significant loss of liberty which, as in a criminal proceeding, must be governed by due process of law. This court finds that further extension of the movant's rights under due process of law is warranted.
The State concedes that had this been a criminal proceeding, movant would have been entitled to a transcript at the public expense. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). In a noncriminal proceeding, it argues, the rights extended by Gault should be granted grudgingly and applied narrowly. State in the Interest of W.O., 100 N.J. Super. 358 (App. Div. 1968). The court held in that case that failure to provide a stenographic transcript to an indigent infant of a hearing at which he was tried on charges of larceny and robbery did not amount to a deprivation of equal protection of the laws even though a person able to pay costs of such a transcript could have obtained one.
On first consideration, the holding of State in the Interest of W.O. appears to preclude the relief sought in the present *302 case. The unwillingness of the Appellate Division to extend the holding of Griffin to transcripts of juvenile proceedings seems significant, particularly in light of the reliance movant has placed on the Gault case.
However, the facts which formed the basis of the court's ruling in Interest of W.O. are clearly distinguishable from those of this case. At the time Interest of W.O. was decided our rules did not provide for transcripts of trial proceedings. One who could afford the cost of a transcript could obtain a court order allowing for it, with costs to be borne by the moving party. R.R. 6:2-10. Those unable to afford a transcript were bound for purposes of appellate review by a statement of the evidence prepared by the trial court, pursuant to R.R. 1:6-3. Appellant in Interest of W.O., at 365 claimed that the omission to require that in all cases a stenographer be present to record the testimony at a trial in the Juvenile Court deprived him, as an indigent juvenile, of the equal protection of the laws."
The holding in that case was clearly based upon the fact that a transcript was not required for appellate review, and that transcripts were not prepared in juvenile proceedings as a matter of standard procedure. The reverse is now true, and if Interest of W.O. were decided today, it could reasonably be predicted that the holding of Griffin would be extended to transcripts of juvenile proceedings.
Movant relies on Boddie v. Connecticut, 401 U.S. 780, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) in support of his request. The United States Supreme Court held in that case that because of the fundamental nature of the family relationship, due process of law prohibits a state from denying access to the court system to persons seeking judicial determination of divorce claims who are unable to afford court costs and process fees.
It is the State's position that a broader application of Griffin was rejected by the majority in Boddie and that the holding was expressly limited to litigants in divorce proceedings who would otherwise be denied access to the courts.
*303 This court believes that the Boddie decision was based on the recognition that one's opportunity to assert fundamental human rights through the judicial process cannot be denied for lack of the necessary financial resources. Meltzer v. C. Buck Le Craw and Co., 402 U.S. 954, 91 S.Ct. 1624, 29 L.Ed.2d 124 (1971). What human right could be more fundamental than liberty? Access to the trial court in divorce proceedings provided by Boddie is no more essential to due process under law than is access to appellate review of involuntary commitment proceedings.
In New Jersey a civil litigant is entitled to one appeal as a matter of right. Midler v. Heinowitz, 10 N.J. 123 (1952), R. 2:2-3(a), and N.J. Const. (1947), Art. VI, § V, par. 2. Access to appellate review implies that it be an effective review. The United States Supreme Court has stated that
* * * As any effective appellate advocate will attest, the most basic and fundamental tool of his profession is the complete trial transcript. * * * Anything short of a complete trial transcript is incompatible with effective appellate advocacy. [Hardy v. U.S., 375 U.S. 277, 288 (1963), 84 S.Ct. 424, 431, 11 L.Ed.2d 331.]
The State cites Stewart v. Stewart, 59 N.J. 301 (1971), for the proposition that Boddie should be narrowly interpreted and applied. The court noted (at 303) that Boddie is a "narrowly written opinion which has no controlling application on the broad issue sought to be raised here." Counsel for Mrs. Stewart sought a holding that all appellants from civil proceedings were entitled under due process to a free transcript on a mere showing of indigency, absent further screening of even the most cursory nature. No such holding is sought here.
Movant is not contesting his right to exercise some gratuitous privilege created by the State and afforded to some and not to others. His liberty is at stake, and his right to appeal its denial should be afforded full protection of due process and equal protection under the law. The fundamental nature *304 of the movant's right to liberty to be determined on appeal limits the scope of this decision and distinguishes it from other civil proceedings.
The court is satisfied that movant, for the reasons stated above, is entitled to a transcript at public expense under R. 2:5-3(d).

II
As to the meaning to be applied to the "public expense" in this case, the court finds that the cost of the transcript should be paid by the State, as opposed to the county.
At the original hearing which resulted in movant's commitment, it was determined both that he was indigent and that his legal settlement was the State of New Jersey. That determination has not been appealed. The court therefore committed him to a state institution, Marlboro Psychiatric Hospital, and the cost of his commitment has subsequently been borne by the State. N.J.S.A. 30:4-69.
Since the movant's original commitment was a valid exercise of the police power, Ex parte R.R., 140 N.J. Eq. 371 (1947), and the State has assumed the burden of his care, the cost of the transcript should be paid by the State. Because Marlboro Psychiatric Hospital is within the jurisdiction of the State Department of Institutions and Agencies, N.J.S.A. 30:1-7, it appears reasonable to this court that the costs be assumed by that Department.
It is hereby ordered that the application for a transcript be granted and that the costs are to be paid by the Department of Institutions and Agencies.