236 N.J. Super. 94 (1989)
564 A.2d 140
MILTON ROBINSON, PLAINTIFF,
v.
ST. PETER'S MEDICAL CENTER, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided July 21, 1989.
*95 Mitchell Glucksman for plaintiff.
John P. Boyle for defendant (Richard A. Amdur, attorney).
Charles Rawitz for County of Essex (H. Curtis Meanor, Acting County Counsel, attorney).
VILLANUEVA, J.S.C.
Defendant, St. Peter's Medical Center, contracted with plaintiff's employer to have its windows washed. Plaintiff alleges that due to St. Peter's negligence, he was caused to fall off a ledge and sustained injuries while washing the windows. Plaintiff instituted this third-party action against St. Peter's. The jury found St. Peter's negligent, but that such negligence was not a proximate cause of plaintiff's falling three floors.
Plaintiff made a motion to set aside the jury verdict and for a new trial, which was denied. After plaintiff filed a notice of *96 appeal to the Appellate Division of the Superior Court seeking to reverse the judgment in favor of defendant, he filed this motion for an order to waive filing fees and deposit for costs on appeal, pursuant to R. 2:7-1, and (for the county) to supply plaintiff with a free transcript of the trial proceedings for the appeal, pursuant to R. 2:5-3.
The issues are: (1) whether plaintiff qualifies as an indigent under R. 2:7-1 so that the court can waive payment of appellate filing fees and deposit for costs; and (2) whether an unsuccessful party in a negligence action is entitled under R. 2:5-3(d) to a free trial transcript for an appeal at the county's expense.
The court holds that plaintiff has failed to prove that he is indigent. In addition, he has failed to show any reason why he is entitled to a free transcript.
Plaintiff contends that he is "presently indigent" and has no funds from which to pay for the transcript, filing fees and deposit for costs in connection with this appeal. He has not worked since the accident of October 9, 1984 when he was severely injured and became permanently disabled.
He says that his only source of income is $618 a month which he receives for permanent disability from his worker's compensation case. Since he has been judged to be totally disabled within the meaning of the Social Security Act by the Social Security Administration, he obviously is receiving disability benefits from them as well. He says this income will not last indefinitely and does not even cover what he needs for basic necessities to exist. He says he has no other source of income or assets at present except for a personal injury claim arising out of an automobile accident.
R. 2:7-1 permits the court to enter an order waiving payment of filing fees and deposit for costs "if satisfied of the facts of indigency...." Defendant contends that plaintiff has not set forth sufficient factual data in his petition and certification to satisfy this court of his indigency.
*97 Defendant contends that plaintiff is not indigent because there is no proof he cannot work, only that he has not attempted to obtain gainful employment since the accident. However, inability to work is not determinative of indigency.
An "indigent" is, according to definitions by Webster's Dictionary and Black's Law Dictionary, one who is "destitute ... impoverished ... needy ... lacking means of subsistence ... having no one to look to for support."
Although the standards for eligibility as an indigent for obtaining the services of a public defender in a criminal case are set forth in N.J.S.A. 2A:158-14, there is no counterpart for civil litigants.
One cannot compare the costs to pay a public defender with the court costs of a civil appeal.
An appellant is required to pay $25[1] for filing an appeal, R. 2:5-1(3)(iii), and must deposit with the clerk of the appellate court $300 to satisfy the costs of the appeal. Of course, the $300 would be returned to the appellant if he were successful. No deposit for costs shall be required if leave is granted to appeal as an indigent pursuant to R. 2:7-1.
Plaintiff, who receives $7,320 tax free annually (even not considering social security disability benefits), does not satisfy the poverty requirements to file an appeal as an indigent in a civil case. It is not unreasonable to require such a person to pay only $25 filing fees to the court if he is successful; if the appellant were unsuccessful, the respondent could receive up to $300 of the deposit for costs with the balance returned to the appellant.
*98 Therefore, plaintiff has not satisfied the requirements of poverty and indigency required by R. 2:7-1 to obtain an order waiving payment of filing fees and deposit for costs.
Where an appeal is taken from a court in which a stenographic report of the evidence of the proceeding was taken, the appellant is required to order a copy of the transcript from the stenographic reporter, on or before the date of filing his notice of appeal, and the appellant is required to pay the reporter a sum sufficient to cover the cost of the transcript, and a certificate that this has been done must be endorsed on the notice of the appeal itself. R. 2:5-3. State v. Lanza, 60 N.J. Super. 139 (App.Div. 1960).
According to R. 2:5-3(c), the transcript may be abbreviated by consent or order of the trial judge whenever the questions presented by an appeal can be determined without an examination of all the pleadings, evidence and proceedings in the trial court.
On the other hand, generally, in order for an appellate court to pass upon the alleged errors of law, a proper record must be presented by the appellant. This is especially so when the appellant questions the sufficiency of the evidence, which plaintiff did herein by the motion to set aside the verdict and to obtain a new trial.
A federal statute allows a federal court to permit an action or an appeal by a person unable to pay such costs without prepayment of costs and fees or the necessity of giving security therefor.
(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.
(b) In any civil or criminal case the court may, upon the filing of a like affidavit, direct that the expense of printing the record on appeal, if such *99 printing is required by the appellate court, be paid by the United States, and the same shall be paid when authorized by the Director of the Administrative Office of the United States Courts. [28 U.S.C.A. § 1915.]
The State of New York has a specific rule governing leave to proceed as a poor person (N.Y.Civ.Prac. Law § 1101) which sets forth the standards for eligibility. Where a party has been permitted by order to appeal as a poor person,
the court stenographer ... shall make and certify two typewritten transcripts of the stenographic minutes of said trial or hearing, and shall deliver one of said transcripts to the poor person or his attorney, and file the other with the court clerk . .. The expense of such transcripts shall be a county charge or, in the counties within the city of New York, a city charge, as the case may be, payable to the stenographer out of the court fund upon the certificate of the judge presiding at the trial or hearing. [N.Y.Civ.Prac. Law § 1102(b)].
Unlike New York and the federal courts, New Jersey has no statute, rule or recorded decision which requires transcripts at public expense for appeals in civil actions for money damages. The few reported cases involving applications for free transcripts for appeals in civil actions all dealt with appellants who had lost a right of constitutional dimension. The three New Jersey cases are: In re Minehan, 130 N.J. Super. 298 (Cty.D. Ct. 1974) (involuntary civil commitment); Stewart v. Stewart, 59 N.J. 301 (1971) (custody of children) and In re Guardianship of Dotson, 72 N.J. 112 (1976) (termination of parental rights).
The New Jersey Supreme Court suggests that requests for transcripts in civil appeals should be handled on a case-by-case basis depending on the nature of the action and that free transcripts should be denied where the appeal is either purely civil in nature or is frivolous. The trial judge "should first decide whether the grounds stated for the appeal are frivolous." Dotson, supra at 118.
In this case the court cannot conclude that the grounds for the appeal are frivolous.
Civil litigants do not generally receive transcripts at public expense, although their criminal counterparts do. This is because a criminal defendant has fundamental constitutional *100 rights at stake  liberty and possibly life. Griffin v. Illinois, 351 U.S. 12, 19, 76 S.Ct. 585, 590, 100 L.Ed. 891, 899 (1956), reh. den. 351 U.S. 958, 76 S.Ct. 844, 100 L.Ed. 1480 (1956). Most civil appellants do not have an interest in jeopardy which rises to such levels.
In various instances certain items of costs or fees, such as witness fees, transcribing charges, trial fees, etc., have been found not to fall within the reach of the particular in forma pauperis statute under construction. 98 A.L.R.2d 292 at 294.
The rules of court are facially neutral on the question of who is permitted to obtain a free transcript, but the comments to the rules reflect the general dichotomy between criminal and civil matters. R. 2:7-1 affords indigents the benefit of not paying necessary filing fees and deposit for costs, but does not address the transcript issue. Guidance is, however, provided by R. 2:5-3(d) which states in part:
If the appellant is indigent and is entitled to have a transcript of the proceedings below furnished without charge for use on appeal, on application either the trial or the appellate court may order the transcript prepared at public expense. [Emphasis supplied]
Indigency and entitlement are required by the rule. While the requirements necessary to pass both tests are not defined therein, the rule certainly does not create an absolute right to a free transcript. Rather, it merely acknowledges that a free transcript is available to those meeting the standard. The comments to both rules clarify that, in criminal appeals, free transcripts are unquestioned for indigents, while in civil appeals they are available only in the very exceptional case which warrants that kind of public expenditure. See Pressler, Current N.J. Court Rules, Comments to R. 2:7-1 and R. 2:5-3(d) (1989). This paragraph retains the provision of the 1967 version of the rule permitting an indigent defendant entitled to a free transcript to apply to either the trial or the appellate court for an order for preparation of the transcript at public expense. See also N.J.S.A. 2A:152-17. However, the main purpose of this provision has effectively become moot because of the *101 Public Defender Act, N.J.S.A. 2A:158A-1 et seq., since ordinarily criminal defendants who are indigent will be represented by the Office of the Public Defender, which assumes transcript as well as other defense costs subject to the statutory reimbursement provisions. Thus, unlike a criminal defendant, a civil litigant has an uphill burden to justify the public financing of his transcript costs.
Although our Supreme Court has had the opportunity to resolve the issue, whether an indigent has an absolute and unconditional right, constitutional or otherwise, to be provided at State expense with a full and complete transcript for use on appeal, it has declined to do so. In re Guardianship of Dotson, supra, 72 N.J. at 114-115. No New Jersey court has held that such an award may be made simply as a matter of judicial discretion in civil cases where allowing a free transcript seems equitable.
When the Supreme Court decided the issue of an appellant's right to a transcript in a custody case, it recognized the need not to afford all appellants a blanket right to a free transcript. Stewart v. Stewart, supra. The Court noted that plaintiff Stewart was interested:
... primarily in obtaining a broad holding that the equal protection clause entitles all appellants in civil litigation to free transcripts on appeal, on a mere showing of indigence without preliminary screening or more. The far reaching nature of such a holding and the great litigious burdens it would impose on adverse private litigants, as well as on the judicial system, were evident to the Appellate Division which denied the appellant's request for a free transcript. [59 N.J. at 302-303]
In the instant case, plaintiff has failed to cite any authority entitling him to the extraordinary relief he seeks. He has also failed to establish both criteria for a free transcript under R. 2:5-3(d).
He has not demonstrated the first requirement, indigency; nor has he satisfied the second requirement, entitlement. Even if plaintiff had established the necessary indigency, his *102 case does not come within the very narrow type of proceeding that an appellant is entitled to a free transcript.
In only three reported cases have New Jersey courts allowed a civil indigent to obtain a free transcript. The most significant case is In re Guardianship of Dotson, supra, where the Supreme Court, with an abundance of cautionary language, permitted a free transcript to a mother whose complete parental rights had been terminated by the trial court. The Court was very specific in limiting the scope of its holding granting a transcript at public expense:
We focus now on the specific type of proceeding before us. It presents circumstances of an unusual character. While it is denominated a civil matter, it is almost quasi-criminal in nature, since it seeks to terminate for cause all parental ties between the children here involved and their natural parents. It is not the ordinary civil suit where, except for the possible waiving of filing fees, the parties are left to their own resources in the litigation they pursue. As such, it is deserving of special treatment.
....
With this last provision we emphasize that we do not go beyond the type of case before us, involving as it does a most sensitive area of basic human relations, and stress the fact that the procedure recommended herein is to be employed only because of the indigency of the applicant. [72 N.J. at 118-119]
The Court's per curiam opinion did not state that Mrs. Dotson had a constitutional right to a transcript at public expense, although, in his concurring opinion, Justice Pashman stated that such a constitutional right exists. Even Justice Pashman, however, would limit this constitutional right to those cases implicating a "fundamental right" under the Fourteenth Amendment. 72 N.J. at 120 (Pashman, J., concurring). The preservation of the parent-child relationship as reflected in the right to raise one's children has been deemed "essential," a "basic civil right of man" and a right "far more precious ... than property rights." Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551, 558 (1972).
The present case involves an appeal of a simple negligence case. It does not involve a "most sensitive area of basic human *103 relations" of a nature entitling plaintiff to the extraordinary relief he seeks. No special treatment is warranted here.
The other reported decision, by a county district court, allowing a transcript at public expense to a civil litigant involved an involuntary civil commitment. In re Minehan, supra. That court found the fundamental human right of "liberty" at stake, and therefore, permitted the preparation of the transcript at public expense. The court noted that the movant was not seeking a general holding that all appellants in civil proceedings were entitled as a matter of due process to a free transcript upon a showing of indigency. 130 N.J. Super. at 303.
An involuntary civil commitment is so obviously similar to a criminal penalty with respect to the rights at stake that the right to free transcripts to civil litigants in such cases cannot be questioned.
The nature of plaintiff's appeal does not present the unique characteristics which would justify ignoring the general rule that civil litigants are not entitled to burden public coffers with transcript costs. Obviously, the instant case does not involve termination of parental rights, custody, nor the severity of involuntary civil commitment. Therefore, plaintiff is not entitled to a free transcript.
It is not difficult to understand the limited situations in which the public should bear the transcript costs of civil litigants. The few courts which have addressed the issue have manifested reluctance to permit the burden of this expense to be borne by anyone other than the one who has decided to take the appeal. There is an obvious incentive to evaluate fairly the merits of the appeal before undertaking the expense. While financial status may be a factor, the imposition of the expense upon the public in cases such as this one would not be justified. If plaintiff has a right to obtain a free transcript, so, too, would all other civil litigants. This would open the door to all aggrieved indigent plaintiffs and defendants to obtain free transcripts. The resulting financial costs on the public would be tremendous. *104 Such an expenditure of public funds should only be established by legislative enactment, as New York and the United States Congress have done.
Due process of law requires, at a minimum, "that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." Mullane v. Central Hanover Tr. Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656-657, 94 L.Ed. 865, 873 (1950). It does not require a public entity to pay costs of an appeal in all civil cases where the appellant is indigent.
This motion is denied since plaintiff has failed to demonstrate entitlement under either R. 2:7-1 or R. 2:5-3(d).
NOTES
[1] Five dollars to the Clerk of the Superior Court (trial court), N.J.S.A. 22A:2-7 and $20 to the Clerk of the Appellate Division of the Superior Court, N.J.S.A. 22A:2-5.