284 N.J. Super. 202 (1994)
664 A.2d 515
IN THE MATTER OF THE ADOPTION OF A CHILD BY H.C. AND W.C., HIS WIFE.
Superior Court of New Jersey, Chancery Division Family Part Monmouth County.
Decided October 26, 1994.
*203 Ralph E. McKay, for petitioners.
Ira M. Adler, for respondent.
Susan R. Zaback, guardian ad Litem.
FISHER, J.S.C.
This matter came before the court for a case management conference on September 8, 1994. At that time respondent, the child's natural mother, indicated that her limited funds were hampering her counsel's ability to adequately prepare for trial. Specifically, respondent claims that she cannot afford the expense of having her expert appear for trial or to bear the expense of counsel's deposing of witnesses in this case. Plaintiffs do not dispute that respondent is indigent.
In response to those concerns, the court entered its own order requiring plaintiffs to show cause why they should not be ordered to bear those expenses pursuant to N.J.S.A. 9:3-53, which states:
The costs of all proceedings pursuant to [N.J.S.A. 9:3-37, et seq.] shall be borne by the plaintiff. .. . Payment of costs shall not be a condition precedent to entry of judgment. The costs shall not include the provision of counsel for any person, other than the plaintiff, entitled to the employment of counsel pursuant to [N.J.S.A. 9:3-37, et seq.].
As can be seen, the statute does not tax costs in favor of the prevailing party but taxes costs against the "plaintiff" regardless of the outcome.
*204 First, there is no question but that H.C. and W.C. fit the definition of "plaintiff" within the meaning of the aforementioned statute. N.J.S.A. 9:3-38h defines "plaintiff" as a "prospective parent or parents who have filed a complaint for adoption."
The larger question concerns what expenses constitute "costs" within the meaning of the aforementioned statute. Unlike other terms within the adoption act, N.J.S.A. 9:3-38 does not define the word "costs." Thus, the court is directed by the Legislature to read and construe that word within its context and, "unless inconsistent with the manifest intent of the Legislature or unless another or different meaning is expressly indicated," give that word its "generally accepted meaning, according to the approved usage of the language." N.J.S.A. 1:1-1. For that reason, a brief review of the origin of "costs" and the way that concept has been viewed by the courts over the years should be undertaken.
Costs, it should be noted, were unknown to the common law and, thus, originated by statute. Katz v. Farber, 4 N.J. 333, 338, 72 A.2d 862 (1950) ("[a]t common law there was no such thing as costs of suit; and no person, whether plaintiff or defendant was entitled to costs of suit in any action, real, personal or mixed"). In matters at law, they were often referred to as "incidental damages" allowable in order to indemnify the successful party against the expense of vindicating a right invaded by the adverse party. In re Caruso, 18 N.J. 26, 38, 112 A.2d 532 (1955). In equity matters, however, costs "have always been allowable in the exercise of a sound discretion, according to the reason and justice of the cause, not invariably following the outcome of the suit." Id. at 38, 112 A.2d 532.
While the present adoption action is one which was not known at common law and is prescribed only by statute, In re Flasch, 51 N.J. Super. 1, 15, 143 A.2d 208 (App.Div. 1958); In re Adoption of G., 89 N.J. Super. 276, 280, 214 A.2d 549 (Cty.Ct. 1965), it is also an action which falls within the court's equity jurisdiction, R. 5:1-2, and gives rise to the application of equitable principles. Accordingly, there is no reason to believe that the Legislature, *205 when it adopted N.J.S.A. 9:3-53, intended to place on the word "costs" a strict, technical usage such as has been followed in matters at law. For example, in Hirsch v. Tushill, 110 N.J. 644, 647-49, 542 A.2d 897 (1988), the Court observed that statutes providing for the taxation of costs are to be "strictly construed" and are generally limited to the enumerated expenses provided for in the "costs" statutes. See also Velli v. Rutgers Cas. Ins. Co., 257 N.J. Super. 308, 310-12, 608 A.2d 431 (App.Div. 1992) (describes the difference in approaches depending upon whether the matter is at law or in equity).
The Legislature undoubtedly intended to adopt a view as flexible as that applied by our equity courts in the many cases cited in Caruso, supra, 18 N.J. at 38-40, 112 A.2d 532, when it enacted N.J.S.A. 9:3-53, and not the stricter view applied in matters at law as described in Hirsch, supra. That this is so is demonstrated by the Adoption Act itself. N.J.S.A. 1:1-1 directs that the courts must look to the "manifest intent" of the Legislature. N.J.S.A. 9:3-37 expresses the Legislature's intent that the Adoption Act "be liberally construed to the end that the best interests of children be promoted. Due regard shall be given to the rights of all persons affected by adoption."
Matters of adoption, which certainly affect the welfare of the child involved, as well as the litigants to that action, should not be decided on the basis of wealth or power. It is in the best interests of the child, as well as the litigants, that such issues be resolved on a level playing field. In order to insure that that occurs in this case, and in light of the broad definition of "costs" that courts should apply in equity matters, it is this court's view that the term "costs" as used in N.J.S.A. 9:3-53 would include some of the expenses sought by Nugent.
As to the specific expenses in question, initially it should be observed that there is no doubt that counsel fees have been viewed as something separate from "costs." That view is adopted by both the Adoption Act (see N.J.S.A. 9:3-53 ("[such] costs shall not include the provision of counsel for any person, other than the *206 plaintiff, entitled to the appointment of counsel hereunder.")) and by R. 4:42-9(a)(1), which provides for the awarding of counsel fees in various types of "family actions" enumerated but does not expressly include adoption actions[1]. Accordingly, any expenses which respondent presently seeks for counsel fees must be rejected. But, in describing what types of expenses fall within the definition of "costs," the Court in U.S. Pipe. etc., v. United Steelworkers of Am., 37 N.J. 343, 355, 181 A.2d 353 (1962) carefully noted that while that phrase does exclude counsel fees, it does include:
Certain statutory allowances, amounts paid the clerk in fees, and various other specified disbursements of counsel including sheriff's fees, witness fees, deposition expenses and printing costs. Allowance is controlled by court rule and is ordinarily discretionary with the court in the particular case.
[Id. at 355-56, 181 A.2d 353 (emphasis added).]
In dealing with a claim for reimbursement of various expenses arising out of an equity action involving the validity of a will, the Supreme Court said:
The question is whether there is an equity to be reimbursed the expenses incurred in the litigation involving the validity of the supposed will; and where expert opinion evidence is essential to the resolution of the issue, a reasonable allowance for the service is includable in the taxed costs.
[Caruso, supra, 18 N.J. at 39-40, 112 A.2d 532.]
Thus, there is no prohibition to the awarding of the expenses sought by respondent (with the exception of counsel fees).
In light of the foregoing, the court sees no barrier to an order requiring plaintiff's to reimburse respondent for: (1) a reasonable fee charged by her expert for testifying at trial, and (2) the expenses incurred in conducting any necessary depositions within the meaning of Judge Lane's opinion in Finch, Pruyn & Co., Inc. v. Martinelli, 108 N.J. Super. 156, 260 A.2d 259 (Ch.Div. *207 1969), so long as those expenses are reasonable and do not include the reimbursement of a counsel fee.
Equity is equality. The primary function of our equity jurisprudence "has been the administration of essential and fundamental justice." Crane v. Bielski, 15 N.J. 342, 349, 104 A.2d 651 (1954). So that this concept does not become a hollow formula, and so that the welfare of the child, whom this case paramountly concerns, is not fated by a proceeding rendered one-sided by the financial resources of the contestants, this court must acknowledge its authority  skeletally provided by N.J.S.A. 9:3-53 and fully vested by equity  to tax such costs against plaintiffs.
It is so ordered.
NOTES
[1] R. 4:42-9(a)(1) specifically sets forth ten types of "family actions" for which counsel fees may be awarded. It is safe to conclude from this fact that if a certain type of action is not included, then the drafters of the rule must have intended to exclude it. See Allstate Ins. Co. v. Malec, 104 N.J. 1, 8, 514 A.2d 832 (1986).