820 A.2d 1237

IN THE MATTER OF ADOPTION OF
A CHILD BY J.D.S., II, AND C.S.

Argued March 17, 2003—Decided May 8, 2003.

See also 353 N.J.Super. 378, 803 A.2d 123.

*Ruth Bove Carlucci*, Assistant Deputy Public Defender, argued the cause for appellant, Office of the Public Defender (*Yvonne Smith Segars*, Public Defender, attorney).

*Carol E. Swanson*, argued the cause for respondent, M.J. (*Larry D. DeCosta*, Director, Camden Regional Legal Services, Inc., attorney).

*Nancy Goldhill*, argued the cause for *amicus curiae*, Legal Services of New Jersey (*Melville D. Miller, Jr.*, President, attorney).

PER CURIAM.

This appeal involves the privately initiated adoption of a minor over the objection of an indigent natural parent. Following a hearing, the trial court ordered the termination of the indigent mother's parental rights and entered a judgment of adoption in favor of plaintiffs, the child's paternal grandparents. The sole question to be addressed is who should be responsible for the cost of providing a transcript to enable an indigent parent in these circumstances to pursue her right to appellate review.

The facts supporting the termination of M.J.'s parental rights concerning her daughter, A.N.J., are not pertinent to the narrow issue before us. It is the procedure by which they were terminated that is important. M.J. objected to the adoption. Because her parental rights had not been terminated previously by any State-initiated action, a hearing pursuant to *N.J.S.A.* 9:3–46 was required. Camden Regional Legal Services (Legal Services) repre-

sented M.J. At the conclusion of the hearing, the trial court found that M.J. had failed substantially to perform the regular and expected parental functions of care and support of the child.

M.J. appealed and applied for a transcript to be provided at public expense based on indigence.[1] The record reveals that the Office of the Public Defender (OPD) contested any responsibility for providing a free transcript of a proceeding in which it had not participated. The Appellate Division had entered an order directing the OPD to pay for the transcript because the case involved "in effect, a termination order." On reconsideration, the Appellate Division reconfirmed its order, stating that "this contested adoption required the judge to make findings pursuant to *N.J.S.A.* 9:3–46. Because of the congruency of said findings with required termination findings pursuant to *N.J.S.A.* 9:6, the court remains satisfied that it is the obligation of the [OPD] to pay for the transcript." We affirm.

Since 1976, this Court has recognized that an indigent parent appealing the termination of parental rights has a right to have trial transcripts provided at public expense when necessary for purposes of appeal because "ordinarily [a] transcript is an integral part of the record on appeal." *In re Guardianship of Dotson,* 72 *N.J.* 112, 116, 118–19, 367 *A.*2d 1160 (1976). The right is not automatic and is subject to various mechanisms, available by Court Rule, which would reduce the public expenditure. *Id.* at 118–19, 367 *A.*2d 1160; *see also In re Guardianship of G.S.,* 137 *N.J.* 168, 171–72, 644 *A.*2d 1088 (1994) (describing alternative procedures for providing "truncated" record for appellate review).

---

[1] We have been informed that the cost of this litigation has required plaintiffs to file for bankruptcy. The Appellate Division apparently was unable to consider them as a possible source of payment for the transcript under *N.J.S.A.* 9:3–53 (requiring plaintiff in private adoption to bear costs of proceeding). *Cf. In re Adoption of a Child by H.C. and W.C.,* 284 *N.J.Super.* 202, 206, 664 *A.*2d 515 (Ch.Div.1994) (ordering prospective parents who brought adoption action to reimburse natural mother for reasonable expert fees and deposition expenses pursuant to *N.J.S.A.* 9:3–53).

In *Dotson*, the Division of Youth and Family Services (DYFS) was held responsible for the cost of providing a trial transcript in connection with an indigent parent's appeal. Later, the respective responsibilities of OPD, DYFS, and a public interest law firm were addressed in the companion cases of *In re Guardianship of G.S.*, *supra*, 137 *N.J.* 168, 644 *A.*2d 1088, and *New Jersey Division of Youth & Family Services v. E.B.*, 137 *N.J.* 180, 644 *A.*2d 1093 (1994). In *G.S.*, as in *Dotson*, DYFS was held responsible for the cost of appellate transcripts in an indigent parent's appeal of the termination of parental rights initiated pursuant to Title 30 and under which the OPD was not mandated to provide a defense. *In re Guardianship of G.S.*, *supra*, 137 *N.J.* at 179, 644 *A.*2d 1088. *E.B.* involved a Title 9 abuse-and-neglect child-custody action. 137 *N.J.* at 183, 644 *A.*2d 1093. Under that statutory scheme, OPD has been given the responsibility for the provision of representation to indigent parents. *Id.* at 186–87, 644 *A.*2d 1093 (citing *N.J.S.A.* 9:6–8.43). Accordingly, we held that OPD's duty to represent indigent parents encompassed the responsibility to pay for the ancillary cost of an expert necessary to the representation, notwithstanding that the representation actually was undertaken by a public interest law firm. *Id.* at 188, 644 *A.*2d 1093.

In *G.S.* and *E.B.*, the respective legislative programs rendered it apparent which State agency was expected to bear certain costs associated with the legal action involved. Our holdings clarified that the financial responsibility statutorily imposed included additional implied obligations. It was beyond cavil in each that the indigent parent, from whom parental rights were being wrested through a State-initiated action, was entitled to the disputed service—be it a trial expert or a transcript for purposes of appeal—at public expense.

So too, it is beyond dispute here that M.J., an indigent whose parental rights are being terminated pursuant to a statutorily authorized, involuntary process, is entitled to a free transcript for purposes of appeal. See *In re Guardianship of Dotson*, *supra*, 72 *N.J.* at 118–19, 367 *A.*2d 1160. That said, it is no leap to conclude

that as a matter of last resort it is a State responsibility to provide a transcript to the indigent parent whose rights are being terminated by state-authorized action under *N.J.S.A.* 9:3–46. We see no basis for shifting that duty to Legal Services merely because it undertook to represent M.J. The limited resources available to Legal Services render it unable also to shoulder the responsibility for appellate transcripts in involuntary adoptions implicating termination of parental rights.

As part of the Title 9 scheme, termination of parental rights under *N.J.S.A.* 9:3–46 is a component of the State's overall and coordinated system of child protection and supervision. *Cf. In re Minehan*, 130 *N.J.Super.* 298, 304, 326 *A.*2d 118 (Union County Ct.1974) (holding State's multifaceted involvement in civil commitment of mentally ill rendered it most appropriate to provide for publicly funded transcript, notwithstanding county's prosecution of commitment proceeding). It follows that the cost of providing an indigent parent with a transcript for purposes of appeal from a termination of rights under *N.J.S.A.* 9:3–46 may be viewed as a public responsibility. Absent some greater specificity by the Legislature concerning its allocation of this responsibility, we are satisfied with the resolution imposed by the Appellate Division. The proceeding below involved findings that mimicked those ordinarily required in a Title 9 termination of parental rights. In a termination action based on Title 9 findings of abuse or neglect, the OPD is responsible for representation and, even when a public interest law firm undertakes that representation, for the ancillary expenses necessary to that representation. *E.B., supra,* 137 *N.J.* at 188, 644 *A.*2d 1093. We see no basis for distinguishing OPD's responsibility in this setting where, by virtue of State legislative authorization, a private party initiated the severing of parental rights for reasons congruent to the type of findings required in a Title 9 termination action.

Accordingly, we hold that in those instances when it is not appropriate to shift the cost of a transcript on appeal to a plaintiff in an involuntary private adoption action, the OPD's duty to an

indigent parent confronted with the loss of parental rights by operation of *N.J.S.A.* 9:3–46 shall include the duty to pay for a transcript on appeal. In view of that holding, the question of who pays shall no longer delay appellate review. That said, we encourage courts to restrict the required portions of a transcript to the minimum necessary for that review, thereby minimizing the impact on the public fisc. See *R.* 2:5–3(c).

The order of the Appellate Division is affirmed.

*For affirming*—Chief Justice PORITZ and Justices COLEMAN, LONG, VERNIERO, LaVECCHIA, and ZAZZALI—6.

*Opposed*—None.