DLD-248                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2725
_____

BEZALEL GROSSBERGER,
a/k/a BEN GROSS,
                                        Appellant

v.

PATRICK RUANE; MARION RUANE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-03728)
District Judge:  Honorable Ann E. Thompson
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6
August 2, 2012
Before:  AMBRO, JORDAN and VANASKIE, <u>Circuit Judges</u>

(Opinion filed:  August 10, 2012)
_____

OPINION
_____

PER CURIAM

        Bezalel Grossberger, proceeding pro se, appeals from an order of the District

Court entered in his lawsuit against Patrick and Marion Ruane.  For the reasons that

follow, we will summarily affirm.

Grossberger commenced a pro se civil rights action against the Ruanes related to an unconsummated property transaction and seeking relief pursuant to 42 U.S.C. §§ 1981, 1982, and 1985.  The Ruanes moved to dismiss the complaint, arguing that Grossberger's claims were barred by the applicable statutes of limitations.  They also maintained that Grossberger had failed to state a claim upon which relief could be granted.  The District Court agreed with the Ruanes and dismissed the complaint.  See generally Grossberger v. Ruane, No. 11–cv–3728, 2011 WL 6257178 (D.N.J. Dec. 14, 2011).  Grossberger filed a motion to amend the complaint the same day and later filed a brief in support of the motion.  This motion and its supplement, in addition to seeking to assert a claim of fraudulent conveyance, arguably challenged the dismissal of his complaint.

On March 27, 2012, the District Court denied the motion, again finding that the statute of limitations barred the claims of discrimination.  The Court also found that permitting an amended complaint would be futile.  On April 25, 2012, Grossberger filed a motion for reconsideration, which, on May 8, 2012, the District Court denied as untimely filed.  Three days later Grossberger moved to reinstate the complaint.  The District Court denied this motion as well, finding that it was another attempt to get reconsideration of arguments already presented.  This appeal followed.

Although Grossberger specifies only the latest order of the District Court on his notice of appeal, his subsequent filings include argument and discussion that could be interpreted as an attempt to appeal additional orders of the District Court.  In an

2

abundance of caution, we will address the scope of this appeal. We have jurisdiction to review the order denying the motion to reinstate the complaint, but we do not review the District Court's orders entered December 14, 2011; March 27, 2012; and May 8, 2012, due to a lack of appellate jurisdiction. The District Court dismissed the complaint on December 14, 2011. Grossberger filed his motion to amend the complaint that same day and later filed a brief, which contained some argument on the merits. Arguably, this motion and its brief could be construed as a request for reconsideration or relief from judgment, which would toll the time for appeal pending the District Court's disposition of the motion. Fed. R. App. P. 4(a)(4).

In an order entered March 27, 2012, the District Court denied Grossberger's motion, and the time for appeal commenced. See Fed. R. App. P. 4(a)(4) (time for appeal runs from entry of order disposing of Rule 4(a)(4) tolling motion). Grossberger's request for reconsideration in April did not further toll the time for appeal. While a post-judgment motion filed within ten days tolls the time in which to file an appeal from the underlying judgment, a second motion to reconsider does not. See Aybar v. Crispin-Reyes, 118 F.3d 10, 13-14 (1st Cir. 1997) (subsequent motion for reconsideration served more than ten days after entry of original judgment does not toll time for appeal from original judgment) (citing cases). Moreover, this motion was untimely as to the form of relief requested, within the meaning of Appellate Rule 4(a)(4)(A), and therefore could not toll the 30-day appeal period.

The notice of appeal was, however, timely filed with respect to the denial of the motion to reinstate the complaint. We thus have jurisdiction to review that later order under 28 U.S.C. § 1291. See Baker v. United States, 670 F.3d 448, 462 (3d Cir. 2012) ("Although we do not have jurisdiction over the Dismissal Order, we do have jurisdiction over the District Court's orders denying [the appellant's] motions for reconsideration because [he] filed a timely notice of appeal as to those orders."). [1]

The District Court treated this filing as a motion for reconsideration, but it might better be viewed as a motion under Rule 60(b). Our standard of review for a denial of a Rule 60(b) motion is abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). Whether viewed as a filing under Rule 59(e) or 60(b), we agree with the District Court that Grossberger has presented no basis for granting relief from the prior judgment. The motion does not demonstrate any clearly erroneous findings of fact, erroneous conclusions of law, or misapplications of law to fact. See Reform Party of Allegheny County v. Allegheny County Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc). At best, Grossberger's motion demonstrates his dissatisfaction with the District Court's decision. Rule 60(b) does not provide relief from a judgment for such a reason, and the District Court did not abuse its discretion in denying this post-judgment motion.

---

[1] In their response to the notice of possible summary action, the appellees argue that the appeal should be dismissed as untimely because it was filed 31 days after the order in question was filed. The time for filing a notice of appeal, however, runs from the

Accordingly, because the appeal does not present a substantial question, we will summarily affirm the District Court's May 14, 2012 order.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

date the order was entered, not when it was filed.  <u>See</u> Fed. R. App. P. 4(a)(1). Grossberger's appeal was entered on the 30th day.