CLD-364                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2502
_____

BEZALEL GROSSBERGER a/k/a BEN GROSS

v.

PATRICK RUANE; MARION RUANE

Ben Gross,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-11-cv-03728)
District Judge:  Honorable Anne E. Thompson
_____

Submitted for Possible Dismissal for Lack of Jurisdiction and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 1, 2013

Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: August 19, 2013)
_____

OPINION
_____

PER CURIAM

    Bezalel Grossberger appeals from an order modifying the language of a prior

filing injunction barring him from any further filings in this matter absent permission of

the District Court.  For the reasons that follow, we will summarily affirm the District Court's order.

## I.

In June 2011, Grossberger commenced a pro se civil rights action against Defendants Patrick and Marion Ruane over an unconsummated property transaction, for which he sought relief under 42 U.S.C. §§ 1981, 1982, and 1985.  The Ruanes moved to dismiss the complaint, because Grossberger's claims were barred by the applicable statute of limitations, and he failed to state a claim upon which relief could be granted.  The District Court dismissed and closed the case.  Grossberger v. Ruane, No. 11-3728, 2011 WL 6257178 (D.N.J. Dec. 14, 2011) (also found on as Dist. Ct. ECF No. 16).  The same day, Grossberger filed a motion to amend the complaint.  The District Court denied the motion, finding that an amended complaint would be futile.  He then filed a motion for reconsideration, which was denied as untimely filed.  Days later, he moved to reinstate the complaint, which the District Court also denied.  He appealed, and this Court affirmed.  Grossberger v. Ruane, 491 F. App'x 309 (3d Cir. 2012).  Upon receiving this Court's judgment, Grossberger filed another "motion to reopen" in the District Court. The District Court denied his request again.

After six separate attempts to argue the same meritless claims, the Court decided, sua sponte, to "preclude[ him] from filing any further motions or pleadings in this matter without the [District Judge's] express written permission."  Dist. Ct. Ord. 3, Sept. 25, 2012, ECF No. 35.  Grossberger then moved for a clarification of the injunction, and took

the opportunity to continue rearguing his claims. Two days later, he also filed another appeal, which we dismissed for lack of jurisdiction as untimely filed, C.A. No. 12-4381. The District Court granted his motion and issued an opinion explaining its authority to enjoin Grossberger's future filings. See Dist. Ct. Op., Jan. 2, 2013, ECF Nos. 40 & 41.

In May, in response to an inquiry from the Ruanes, the District Judge issued a letter, explaining how the Court would receive and consider Grossberger's future filings. Grossberger responded to that letter, and filed another appeal. On July 1, 2013, the District Court entered an order modifying the original filing injunction. Grossberger filed an amended notice of appeal with this Court to include a challenge to that subsequent order.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and review the District Court's issuance of filing injunctions for abuse of discretion. In re Packer Ave. Assocs., 884 F.2d 745, 746-47 (3d Cir. 1989).[1]

## III.

A pre-filing injunction is an exception to the general rule of free access to the courts and its use against a pro se plaintiff must be approached with caution. See In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982). However, a District Court may enjoin a pro se

---

[1] The case was originally listed for possible jurisdictional defect because it appeared that Grossberger was appealing from a non-order. However, because he later filed an amended notice of appeal, it is now clear that he is seeking review of the District Court's subsequent final order.

litigant from future filings so long as the injunction complies with three requirements: (1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case. Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

## IV.

We agree that the filing injunction was warranted based on Grossberger's filing record in this case. Since his case was closed in December 2011, Grossberger has filed a dozen or so motions, separate briefs, letters, and appeals, repeatedly arguing the same issues. Based on the same facts, he has also asserted new claims of fraud and sought to disqualify the District Judge several times. None of Grossberger's repetitious filings have presented a meritorious basis for reopening his case. See Fed. R. Civ. P. 60(b); Brown v. Pa. R.R. Co., 282 F.2d 522, 527 (3d Cir. 1960) (standard for 60(b) relief on the basis of fraud); Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008) (requiring a showing of "extraordinary circumstances" under the catch-all of Rule 60(b)). Grossberger has also taken several opportunities to appeal the District Court's judgments. Although he did not seek review of the original dismissal order, we have now twice reviewed the denials of his motions to reopen the case, which we affirmed, C.A. No. 12-2725, or dismissed, C.A. No. 12-4381.

It is clear that Grossberger is unhappy with the District Court's decision to dismiss his case, and apparently he has made it his goal to change the Court's mind. But in the

4

process, he has "established a pattern of groundless and vexatious litigation." Chipps v. United States Dist. Ct. for the Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989). Grossberger's filings are not only numerous, they are also without any merit. In re Oliver, 682 F.2d at 446. Moreover, he relentlessly continues to file repetitive motions even *after his case has been closed*. See Dist. Ct. Ord., Dec. 14, 2011, ECF No. 16 (showing the case was closed more than a year and a half ago).

Furthermore, Grossberger has now had ample opportunity to respond to the injunction. Initially, the District Court failed to give Grossberger proper notice. But after the original injunction was entered, Grossberger filed objections. Mot. Clar. 1-2, Nov. 26, 2012, ECF No. 38. Accordingly, the District Court addressed his concerns, ECF No. 40, and modified the injunctive order, ECF No. 55, which is now in place. This occasion to respond was sufficient to comport with due process requirements. Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987) (explaining that there must be "some occasion" for the litigant to respond).

Lastly, the injunction was limited to non-prescreened motions or other litigation documents submitted by or on behalf of Grossberger against the Defendants named in this action. We agree that is narrowly tailored to fit the circumstances of this case. See Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990) (allowing the district courts to issue an injunction that requires a litigant to obtain approval before making further filings); Chipps, 882 F.2d at 73 (limiting scope of injunction to a specific case, when the vexatious litigant's abuse was confined to that case).

5

V.

For these reasons, we will summarily affirm the District Court's order because no substantial question is raised on appeal.  <u>See</u> Local Rule 27.4; I.O.P. 10.6.  The District Court did not abuse its discretion in enjoining Grossberger from filing additional motions or litigation documents in this matter without prescreening by the Court.