**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5931-17T2

BEZALEL GROSSBERGER,

    Plaintiff-Appellant,

v.

ROBERT BIFANI and
ROBERT BIFANI, LLC,

    Defendants-Respondents.

_____

Argued telephonically October 24, 2019 –
Decided November 18, 2019

Before Judges Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1384-16.

Bezalel Grossberger, appellant, argued the cause pro se.

Respondents have not filed briefs.

PER CURIAM

In this longstanding dispute over property located at 413 Oak Glen Road in Howell (the property), plaintiff Bezalel Grossberger appeals from a May 1,

2018 Law Division order denying his request for court transcripts at public expense, and denying his request to discharge the claims to the property of defendants Robert Bifani, and his company, Robert Bifani, LLC (collectively, defendants). We note plaintiff's brief and appendix were muddled and lacking in procedural formalities designed for appellate review. We have dismissed appeals before for failing to adhere to procedural guidelines. See, e.g., Cherry Hill Dodge, Inc. v. Chrysler Credit Corp., 194 N.J. Super. 282, 283 (App. Div. 1984) (dismissing an appeal for procedural deficiencies); see also In re Zakhari, 330 N.J. Super. 493, 495 (App. Div. 2000) (holding the court was loathe to dismiss an appeal for procedural deficiencies but did so because the deficiencies made it impossible to properly review the matter). Nonetheless, here, we affirm.

We discern the following facts and procedural history from the record. Plaintiff unsuccessfully attempted to purchase the property in 2006 from Marion and Patrick Ruane, as a result of which there was extensive state and federal litigation unrelated to this appeal. See Ruane v. Oak Glen, LLC, No. A-1300-13 (App. Div. Feb. 2, 2016); Grossberger v. Ruane, 535 F. App'x 84 (3d Cir. 2013); Grossberger v. Ruane, No. 11-3728 (D.N.J. Dec. 14, 2011). In 2012, Bifani purchased the property from the Ruanes. In 2016, plaintiff and Bifani's representative apparently engaged in brief discussions about selling the property

to plaintiff for over $1.7 million, but the parties never reached an agreement. However, on April 14, 2016, plaintiff filed a complaint against Bifani and his company in the Law Division, asserting "various interferences with prospective economic gain through the purchase of [the property] . . . without duly compensating . . . plaintiff."

The complaint alleged that Bifani, through his company, "filed several facially apparent fraudulent entries in reference to [the property] on the Monmouth County Record in May of 2012." The complaint asserted claims for "[u]njust [e]nrichment" and "[t]ortious interference," maintained that "an equitable lien attached to the . . . property[,]" and requested relief, including "compensatory and reimbursement awards for [plaintiff's] efforts and expenses towards anticipated purchase of [the] property" because Bifani's "sale," "lease," and "occupancy" of the property "would not have been possible without . . . plaintiff's work."

On May 4, 2016, the trial court entered an order, granting plaintiff a waiver of fees and costs pursuant to Rule 1:13-2(a), providing for the waiver of fees for indigent persons "upon the verified application of such person[s.]" Plaintiff then filed a lis pendens on the property, which was discharged on August 14, 2017, after Bifani filed a verified complaint in the Chancery Division

3

challenging the lis pendens and seeking other relief. In the interim, on November 4, 2016, plaintiff's complaint was dismissed without prejudice for lack of prosecution pursuant to Rule 1:13-7. When plaintiff moved to reinstate the complaint, Bifani cross-moved to enjoin plaintiff from filing further lawsuits against defendants without leave of court.

In a December 1, 2017 order, Assignment Judge Lisa P. Thornton denied plaintiff's motion to reinstate the underlying complaint, and granted defendant's cross-motion to enjoin plaintiff from further filings without leave of court. See Triffin v. Automatic Data Processing, Inc., 394 N.J. Super. 237, 252 (2007) ("The court has the inherent power to protect itself and litigants against harassment and vexatious litigation and an abuse of process.") (quoting Atkinson v. Pittsgrove Twp., 193 N.J. Super. 23, 32 (Ch. Div. 1983)). Addressing the "good cause" standard specified in Rule 1:13-7(a) in the accompanying written opinion, the judge determined plaintiff provided no evidence he "properly served [defendants]" as required under the rule. Instead, plaintiff "admit[ted]" he failed to pay "a process server" to effectuate service upon defendants, and only "left a copy of the complaint at counsel's place of business."

A-5931-17T2

Plaintiff did not appeal the December 1, 2017 order. Nonetheless, despite the dismissal of the complaint and injunction against future filings without leave of court, plaintiff engaged in extensive motion practice. Pertinent to this appeal, in January 2018, plaintiff moved to "[e]nter default judgment against . . . defendants by directing the County Recording Clerk to discharge any document purporting to support defendant's claim to [the] property title[,]" and to obtain "free transcripts at public expense for all hearings." In a May 1, 2018 order, the court denied plaintiff's motion, finding "no valid grounds for the relief requested." As to the former request, the court noted plaintiff provided no "logical, legal or [rational] grounds to discharge . . . defendant[s'] claim to the . . . property." As to the latter, the court explained there was "no court rule or case law" to support plaintiff's request. Citing Stewart v. Stewart, 59 N.J. 301 (1971) and Robinson v. St. Peter's Medical Center, 236 N.J. Super. 94 (Law Div. 1989), the court explained that plaintiffs bear the costs of obtaining transcripts in civil actions for money damages as involved in this case.

Plaintiff filed a notice of appeal on May 16, 2018, identifying only the May 1, 2018 order. Notwithstanding the pending appeal, plaintiff continued to engage in extensive motion practice in the Law Division, resulting in the entry of subsequent orders. On April 11, 2019, plaintiff moved to include

5

supplemental documents in his brief and appendix for our consideration. On May 16, 2019, we "limited" plaintiff's appeal to the "May 1, 2018" order identified in his notice of appeal, and determined that "the court [would] not consider any arguments in the brief that [were] not addressed to that order." See 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004) (explaining that "it is only the judgment or orders designated in the notice of appeal which are subject to the appeal process and review") (citing Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div. 1994)). See also R. 2:5-1(f)(3)(A).

In his merits brief, plaintiff raises the following points for our consideration:

POINT 1  SERVICE OF PROCESS

POINT 2  ORIGINAL JURISDICTION

POINT 3  ADVERSE INFERENCE

POINT 4  SUMMARY JUDGMENT

POINT 5  JUDICIALLY NOTICED

POINT 6  TRANSCRIPT

POINT 7  CIVIL ACTION

Points one through four pertain to the December 1, 2017 order dismissing the complaint and will not be addressed in accordance with our May 16, 2019 order. In Point five, plaintiff argues "defendant misrepresent[ed] prior [o]rders to appear as if he has a clean chain of title" to the property. Plaintiff asserts an "[e]rror of [l]aw is an exception to the doctrines of [c]laim [p]reclusion[,]" as "detailed at great length in the underlying complaint." This argument is "without sufficient merit to warrant discussion in a written opinion." R. 2:11-3(e)(1)(E). As to Points six and seven pertaining to the denial of transcripts at public expense, we affirm substantially for the reasons stated in the May 1, 2018 order. We add only the following comments.

Rule 2:5-3(d) provides in part that "[i]f the appellant is indigent and is entitled to have a transcript of the proceedings below furnished without charge for use on appeal, either the trial or the appellate court, on application, may order the transcript prepared at public expense." Thus, under the rule, indigency and entitlement are required, and the decision to grant the transcript at public expense is discretionary, not mandatory. "Although the ordinary 'abuse of discretion' standard defies precise definition, it arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J.

561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

The comment to Rule 2:5-3(d) clarifies that while free transcripts are unquestioned for indigents in criminal appeals, "[i]n the typical civil action, transcripts are not routinely provided without charge to indigents." Pressler & Verniero, Current N.J. Court Rules, cmt. 4 on R. 2:5-3(d) (2019). Instead, in civil appeals, they are available only in very exceptional cases, which warrant that kind of public expenditure. See, e.g., In re Adoption of a Child by J.D.S., 176 N.J. 154, 158-59 (2003) (holding that in a private adoption action requiring termination of natural parent's parental rights, an indigent natural parent is entitled to transcripts at the expense of the public to pursue appellate review); In re Guardianship of Dotson, 72 N.J. 112, 118-19 (1976) (permitting transcripts at public expense to indigent parents in custody and termination of parental rights cases); In re Civil Commitment of D.L., 351 N.J. Super. 77, 92 (App. Div. 2002) (providing transcripts at public expense to indigent persons subject to civil commitment under the Sexually Violent Predator Act, N.J.S.A. 30:4-27.25, where "the right to counsel on appeal carries with it the concomitant right to all of the necessary expenses of representation, including the cost of transcripts.").

This case is not the type of exceptional civil case warranting public expenditure for transcripts. While we acknowledge plaintiff was previously granted a waiver of fees and costs pursuant to <u>Rule</u> 1:13-2(a), we also note that the crux of this dispute pertains to property presumably valued at over $1 million that plaintiff previously attempted to acquire. Thus, we discern no abuse of discretion in the court's denial of plaintiff's request for transcripts at public expense.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION