194 N.J. Super. 282 (1984)
476 A.2d 860
CHERRY HILL DODGE, INC., PLAINTIFF-RESPONDENT,
v.
CHRYSLER CREDIT CORPORATION, DEFENDANT-RESPONDENT, AND LINDA BIGLEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 16, 1984.
Decided May 29, 1984.
Before Judges FRITZ, FURMAN and DEIGHAN.
Jerome Jay Cohen, for appellant Linda Bigley.
*283 Farr, Reifsteck & Wolf, for respondent Chrysler Credit Corporation (William G. Wright, on the brief).
PER CURIAM.
Seldom do we see a brief and appendix so replete with procedural deficiencies and an obvious disregard for the Rules on the part of counsel as are before us in this matter in the submission for appellant. The legal arguments are without "appropriate point headings." R. 2:6-2(a)(5). There is no table of citations. R. 2:6-2(a)(2). The procedural history does not contain a statement of the nature of the proceedings nor reference to the appendix page of the documents referred to therein. R. 2:6-2(a)(3). The statement of facts is not supported by references to the appendix and transcript. R. 2:6-2(a)(4). The pages of the appendix are not paginated consecutively, R. 2:6-1(b), and as filed the appendix had no table of contents, R. 2:6-1(c), and contained neither the judgment appealed from nor the notice of appeal, R. 2:6-1(a)(3), (6). At least two of the three issues raised here were not argued below, a fact not shown. R. 2:6-2(a)(1). Additionally, as defendant Chrysler Credit Corporation here points out, numerous documents were presented in the appendix which were not in evidence below without a motion having been made to settle the record pursuant to R. 2:5-5(a). This is completely improper. R. 2:5-4; Middle Dep't Insp. Agency v. Home Ins. Co., 154 N.J. Super. 49, 56 (App.Div. 1977), certif. den. 76 N.J. 234 (1978). Finally, we cannot understand from that which we have before us why counsel for defendant-appellant lists himself as a third party defendant on the cover of the brief he has filed.
While we are satisfied that the appeal has no merit, we do not choose to reach this consideration or affirm on this basis. Rather, we are wholly persuaded that the appeal should be dismissed for the procedural deficiencies. The important purpose of rules of court is well expressed by Judge Aldisert in Kushner v. Winterthur Swiss Insurance Company, 620 F.2d 404 (3 Cir.1980). Emulating his example there, we have in this *284 case decided "not to expend any more valuable judicial time performing the work of errant counsel, a practice that work[s] a tremendous disservice to the bulk of the litigants who appear before us represented by diligent counsel who do observe our rules."
The appeal is dismissed.