750 A.2d 148 (2000)
330 N.J. Super. 493
In the Matter of Amgad ZAKHARI.
Superior Court of New Jersey, Appellate Division.
Argued April 18, 2000.
Decided May 5, 2000.
Philip C. Chronakis, Assistant Prosecutor, for appellant State of New Jersey (Fred J. Theemling, Jr., Hudson County Prosecutor, attorney; Mr. Chronakis, on the brief).
Gerald D. Miller, Jersey City, for respondent Amgad Zakhari (Miller, Meyerson, Schwartz & Corbo, attorneys; Mr. Miller, of counsel and on the brief).
Before Judges PRESSLER, KIMMELMAN and CIANCIA.
PER CURIAM.
The Hudson County Prosecutor appeals from an order of the Superior Court dismissing an order to show cause issued by the Special Civil Part pursuant to R. 1:10-2 during the course of a summary landlord-tenant action. The order apparently directed respondent Amgad Zakhari to show cause why he should not be held in contempt for wilful violation of an order setting aside a previous judgment of possession entered against a tenant, Carmen Mercado, and allowing her to repossess her apartment.
We dismiss the appeal for flagrant violation of the rules governing appeals to this court. There is no appellant's appendix. We do not have as part of the record on this appeal the order to show cause entered pursuant to R. 1:10-2. Thus we do not have before us the judge's required specification of "the acts or omissions alleged to have been contumacious." R. 1:10-2(a). Nor do we know how the alleged wilful violation was brought to the attention of the Special Civil Part or when or by whom. We assume that someone must have made an application for that relief since it appears that by the time the order to show cause was entered, the landlord-tenant dispute had been settled by the parties. Nor do we have any of the pleadings in the landlord-tenant action or any of the transcripts of the proceedings therein. There are only two references in the Prosecutor's Statement of Facts to the record on appeal, one to a municipal court *149 transcript and one to the argument in the Superior Court that resulted in the discharge of the order to show cause. Nor did the Prosecutor provide us with copies of the relevant municipal court documents although respondent supplied several.
Despite the indulgence with which we are ordinarily inclined to treat procedural deficiencies in the interests of justice, the deficiencies here cannot be overlooked since they make it impossible for us properly to review this matter. Thus while we are loathe to dismiss an appeal on procedural-deficiency grounds, particularly an appeal taken by a public official, we have no alternative in this case. See, e.g., Cherry Hill Dodge, Inc. v. Chrysler Credit Corp., 194 N.J.Super. 282, 476 A.2d 860 (App.Div.1984).
We are also satisfied, based on the represented facts as to which there appears no dispute, that the appeal is without merit. Respondent was not a party to the landlord-tenant action. His exact relationship to the landlord does not appear in this record although it does appear that he was, at least, a tenant in the building. When the summary dispossess judgment was vacated and Carmen Mercado was permitted to repossess her apartment, respondent was alleged to have denied access both to her and to the police whom she eventually summoned for assistance although they attempted to show him the relevant court order. Respondent was then charged with fourth-degree contempt pursuant to N.J.S.A. 2C:29-9, which the Prosecutor's Office downgraded to a disorderly persons offense. When the disorderly persons offense was called for trial in the municipal court, the attorney for respondent, who was also the attorney for the landlord in the underlying tenancy suit, entered into a "global" settlement with Mercado in respect of all disputes, rights and obligations arising out of her tenancy, and the disorderly persons complaint against respondent was accordingly dismissed. There is no challenge to respondent's argument that he relied on the settlement and dismissal as having terminated any jeopardy he might have faced arising out of the underlying tenancy dispute. The order to show cause that is the subject of this appeal was thereafter entered by the landlord-tenant judge, but, as we have said, we do not know the factual basis on which it was entered, whether on notice, or who said what and in what form.
Faced with these facts, Judge Gallipoli, the Civil Presiding Judge, concluded not only that no useful purpose in terms of the dignity and legitimacy of the Judiciary would be served by proceeding with the order to show cause but also that, as a matter of fundamental fairness, respondent was entitled to rely on the disposition of the landlord-tenancy matter and of the municipal court complaint against him as a final termination of his involvement. We have no doubt that it was entirely within Judge Gallipoli's discretion to discharge the order to show cause as a matter of judicial administration. We are also satisfied that under the circumstances here, the finality principles of State v. Gregory, 66 N.J. 510, 333 A.2d 257 (1975), warranted the dismissal of further criminal or quasi-criminal proceedings against respondent.
The appeal is dismissed.