**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0704-15T2

MOHAMMED ABDUL AHAD,

    Plaintiff-Appellant,

v.

GAUSULAZAM MINI MARKET, LLC,
and KAUSER AHAMMED,

    Defendants-Respondents.

_____

        Submitted February 2, 2017 — Decided May 3, 2017

        Before Judges Lihotz and Hoffman.

        On appeal from Superior Court of New Jersey,
        Law Division, Passaic County, Docket No. DC-
        013371-14.

        Mohammed Abdul Ahad, appellant pro se (Gary
        R. Matano, on the brief).

        David E. Tider, attorney for respondents.

PER CURIAM

    Plaintiff Mohammed Abdul Ahad appeals from the August 28,
2015 Special Civil Part order denying his motion for a new trial
in his case against defendants Kauser Ahammed and Gausulazam Mini
Market, LLC. In the same order, the court denied plaintiff's

request to vacate the $15,000 judgment entered against him on defendants' counterclaim. Because plaintiff has failed to provide us with important parts of the record — including the judgment entered after trial, the lease central to his main argument on appeal, and the transcript of oral argument on the motion under review[1] — we dismiss his appeal.

## I.

This case concerns the purchase of a grocery store business in Patterson by plaintiff from defendants. Plaintiff first gave defendants a $5,000 check, dated November 14, 2014, toward the purchase of the business. This check cleared. On November 27, 2014, the parties entered into a written contract, which set forth a total purchase price of $25,000. The contract provided for an initial payment of $15,000, and $10,000 before the end of February 2015. The parties also agreed defendants would transfer the lease for the premises to plaintiff on or before December 1, 2014, or else defendants would return the $15,000.

Defendants had a lease for the premises dated August 1, 2012. It was for a term of ten years and required a monthly rent of $1,500. The lease did not allow its assignment without the written consent of the landlord.

---

[1] In addition, plaintiff's appendix contained pages out of order and lacked an accurate table of contents. See R. 2:6(b)(c).

Plaintiff gave defendants another $5,000 check, dated November 29, 2014, toward the purchase. This check also cleared. Plaintiff also gave the landlord a $6,500 check, listing the address of defendants' business. At trial, plaintiff testified he gave the landlord the $6,500 check as a loan, not a rental payment. On December 9, 2014, plaintiff received a lease agreement from the landlord. He claims he provides this agreement in his appendix, but the lease he provides is dated March 13, 2015, the day after the trial in this case.

On December 17, 2014, defendants attempted to deposit two checks from plaintiff — one for $10,000, dated February 20, 2014, and another for $2,000, dated November 29, 2014 — but neither of them cleared because plaintiff had stopped payment on both checks. On December 24, 2014, defendants attempted to deposit a $3,000 check, dated December 20, 2014, but it also failed to clear because plaintiff had also stopped payment on that check.

On December 15, 2014, plaintiff filed his complaint, stating:

> I made a contract to buy a store from Gausulazam Mini Market LLC. I have deposit money and I was to try out the store for several days to try and determine whether the store sold $1,200 per day to $2,000 per day like the seller told me. The store did not make more than $150 per day and I told the seller that I did not want the store and would not be taking the lease and I wanted the seller to return my deposit of $15,000.00. The seller did not return my money.

3

Plaintiff demanded $15,000 plus $68 for costs of suit. On December 26, 2014, defendants filed their answer, along with their counterclaim seeking the remaining $15,000 due under the parties' contract.

On February 11, 2015, plaintiff filed a motion to amend his complaint. Plaintiff's amended complaint stated, in pertinent part, "[T]he landlord asking more money than seller told me."

The case proceeded to trial on March 12, 2015. The court found plaintiff was not credible when he claimed he loaned the landlord $6,500. After finding the late delivery of the lease on December 9, 2014, was "de minimis," the court concluded plaintiff did not have a "bona fide case" and therefore dismissed his complaint. The court also concluded plaintiff owed defendants $15,000, pursuant to the parties' contract, and entered a judgment against plaintiff in that amount.

On April 23, 2015, plaintiff filed a motion for a new trial and to vacate the judgment against him. Plaintiff does not provide the transcript of the court's subsequent oral argument on the motion. The trial court denied the motion on August 28, 2015. This appeal followed.

## II.

Rule 2:6-1(a)(1) requires an appellant's appendix include "such . . . parts of the record . . . as are essential to the

proper consideration of the issues, including such parts as the appellant should reasonably assume will be relied upon by the respondent." Rule 2:5-4 requires an appellant to provide us with "the stenographic transcript of the proceedings." Here, plaintiff claims the trial court erred in entering the August 28, 2015 order; however, he has not provided us with the lease he received on December 9, 2015, thereby preventing meaningful review of the trial court's decision. We cannot review whether the December 9, 2015 lease was materially different from defendants' original lease without a certified copy of this lease. Plaintiff also fails to provide us with the transcript of the oral argument for the motion under review. This transcript is necessary to determine what arguments plaintiff preserved for appeal.

When procedural deficiencies prevent meaningful appellate review, dismissal is appropriate. In re Zakhari, 330 N.J. Super. 493, 495 (App. Div. 2000); Cherry Hill Dodge, Inc. v. Chrysler Credit Corp., 194 N.J. Super. 282, 283-84 (App. Div. 1984). Because plaintiff failed to provide the requisite documents to inform our appellate review, we dismiss the appeal.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-0704-15T2