**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1854-15T4

MARGHERITA A. PITALE
(f/k/a MARGHERITA A. KAPLAN),

    Plaintiff-Respondent,

v.

RICHARD P. KAPLAN,

    Defendant-Appellant.

_____

        Submitted May 31, 2017 — Decided August 30, 2017

        Before Judges Koblitz and Sumners.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Middlesex
        County, Docket No. FM-12-1975-08.

        Richard P. Kaplan, appellant pro se.

        Respondent has not filed a brief.

PER CURIAM

    Defendant Richard P. Kaplan appeals from the entry of a
default final judgment of divorce (FJOD) and the denial of his
motions to vacate the FJOD. Defendant also appeals from an August
19, 2016 order denying his motion for default judgment in his

October 2014 complaint against plaintiff. Due to procedural deficiencies, we dismiss the appeal.

According to defendant's unopposed brief on appeal, in August 2008, a default FJOD was entered when he failed to answer a complaint for divorce. He contends that an answer was not filed because he was in prison and was not served with the complaint. His motion to vacate the FJOD was denied. Between 2014 and 2016, he filed nine post-judgment motions, which the trial court denied on procedural and substantive grounds. We affirmed. The motions requested that the court uncover the conspiracy to keep him falsely imprisoned, issue a warrant for plaintiff's arrest, transfer the case to the criminal division, and provide defendant with a copy of the marital agreement.

Regarding the August 19, 2016 order, defendant argues that: plaintiff and her attorney were involved in a conspiracy to deprive him of his assets; plaintiff, with the help of state, federal and municipal officeholders and law enforcement agencies, conspired to incarcerate him so that she could take his assets; and plaintiff concealed her personal assets during the divorce proceedings.

The deficiencies of the record on appeal are as follows. First, defendant has failed to provide transcripts of the divorce proceedings, the FJOD, or any of the pleadings. R. 2:6-1(a)(1). Second, defendant has failed to provide references to the appendix

in his narration of the facts and procedural history. R. 2:6-2(a)(4), (5). Third, defendant raises several issues without the support of facts, or evidence provided in the appendix. R. 2:6-2(a)(5); See Cherry Hill Dodge, Inc. v. Chrysler Credit Corp., 194 N.J. Super. 282, 283 (App. Div. 1984). These deficiencies do not provide us with the ability to conduct a meaningful appellate review of the order denying reconsideration. See R. 2:8-2; R. 2:9-9.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION