**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0782-19T3

TAKIMA D'ANJOU,

    Plaintiff-Respondent,

v.

FRANCOIS D'ANJOU,

    Defendant-Appellant.

_____

> Submitted May 27, 2020 – Decided July 10, 2020
>
> Before Judges Gilson and Rose.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-0818-16.
>
> Francois D'Anjou, appellant pro se.
>
> Takima D'Anjou, respondent pro se.

PER CURIAM

In this post-divorce-judgment matter, defendant Francois D'Anjou, representing himself, appeals from provisions of a July 26, 2019 order denying

his request to change certain arrangements for the parties' child. He also appeals from a September 13, 2019 order denying reconsideration. We affirm.

The record provided to us by defendant is limited, but the relevant material facts are indisputable. The parties were married in August 2008. They have one child, a daughter born in November 2010. In October 2016, the parties were divorced and the judgment of divorce incorporated a marital settlement agreement (MSA).

The MSA states that the parties will share joint legal and physical custody of their daughter. Plaintiff, the mother, "is designated the parent of primary residence for the sole purpose of school enrollment for Willard Elementary in Ridgewood, New Jersey." When they entered into the MSA, both parties were represented by counsel.

The record reflects that following their divorce, the parties have had numerous disputes concerning their daughter. This appeal arises out of a motion defendant filed in 2019 to change where the daughter would go to school and to compel where the daughter would attend summer camp. Defendant sought to have his daughter go to school and summer camp in Cliffside Park, where he lives. Defendant also argued that plaintiff should be compelled to abide by the MSA. Plaintiff opposed the motion and cross-moved for other relief.

The family court considered the papers submitted and on July 26, 2019, issued an order denying certain relief and granting other relief. On defendant's motion, the court (1) denied the request to change where the daughter would go to school; (2) denied the request to compel the daughter to attend summer camp in Cliffside Park; and (3) granted the request that plaintiff provide defendant with her current employment information and copies of available health insurance for the daughter. On plaintiff's cross-motion, the court granted some relief, but denied other relief, including requiring defendant to provide proof that he paid $150 towards a qualified domestic relations order and, if proof could not be provided, that he pay the $150. The court also added a paragraph in the order directing both parties to act in the best interests of their daughter.

Defendant moved for reconsideration by refiling the papers that had been filed on the original motion and cross-motion. On September 13, 2019, the family court issued a written statement of reasons and order denying that motion.

On appeal, defendant makes three main arguments, which he breaks down into seven points. He contends that the family court erred by (1) not conducting a plenary hearing on his request to change where the daughter attended school; (2) not requiring the daughter to attend summer camp in Cliffside Park; and (3) not compelling plaintiff to abide by the MSA. Related to those arguments,

defendant asserts (1) we are not bound by the family court's factual findings; (2) it would be manifestly unjust to deny him relief; (3) we have the power to reverse and remand this matter for a hearing; and (4) on remand, a different judge should decide the issues.

Defendant's arguments lack sufficient merit to warrant extensive discussion in a written opinion. See R. 2:11-3(e)(1)(E). Accordingly, we will briefly analyze why defendant's three main requests for relief lack merit.

Defendant's primary argument is that the parties' daughter should attend school in Cliffside Park rather than Ridgewood. Defendant, however, agreed in the MSA that the child would go to elementary school at "Willard Elementary in Ridgewood, New Jersey." Before us, defendant asserts that the judge who entered the Judgement of Divorce made that decision. The record rebuts that assertion because defendant signed the MSA. Indeed, in signing the MSA, defendant certified that he was signing and agreeing to the MSA "as his voluntary act and deed."

Defendant further argues that because the parties share joint legal and physical custody of their daughter, the decision concerning where the child should go to school should be made using the best interests of the child standard. Here, however, defendant voluntarily, and presumably in the best interests of

4

the child, agreed that the daughter would go to school in Ridgewood. "New Jersey has long espoused a policy favoring the use of consensual agreements to resolve marital controversies." J.B. v. W.B., 215 N.J. 305, 326 (2013) (quoting Konzelman v. Konzelman, 158 N.J. 185, 193 (1999)). Consensual settlement agreements are subject to the "changed circumstances" doctrine. Lepis v. Lepis, 83 N.J. 139, 148 (1980). A party seeking modification of a judgment incorporating a MSA "must meet the burden of showing changed circumstances and that the agreement is now not in the best interests of the child." Abouzahr v. Matera-Abouzahr, 361 N.J. Super. 135, 152 (App. Div. 2003); see also Bisbing v. Bisbing, 445 N.J. Super. 207, 218 (App. Div. 2016).

Defendant has made no showing of a change of circumstances warranting either a plenary hearing or a change in where the child would attend school. Instead, defendant contends that after he agreed to the child attending school in Ridgewood, he now feels that it is too far for him to drive. That is not a change in circumstances. Instead, at best, it is a realization by defendant that he does not like the voluntary agreement that he made.

Defendant's second argument is that the child should go to camp in Cliffside Park where he resides. He relies on prior orders entered by the family court in 2017. He failed, however, to provide us with the transcripts and other

5

materials that would allow us to review why those orders were entered. An appellant's appendix must contain the parts of the record "essential to the proper consideration of the issues." R. 2:6-1(a)(1). When a failure to provide such records precludes meaningful review, we may dismiss that part of the appeal. See In re Zakhari, 330 N.J. Super. 493, 495 (App. Div. 2000); see also R. 2:8-2 (providing that an appellate court may, at any time and on its own motion, dismiss an appeal). Moreover, the family court's June 2017 order addressed only the daughter's camp enrollment for that summer and did not address her future enrollment and the family court duly considered the daughter's interests in its July 26, 2019 order.

Finally, defendant argues that plaintiff should be compelled to abide by the MSA. In the order under review, however, the family court did just that. In paragraph three of the July 26, 2019 order, the court ordered plaintiff to provide defendant with her current employment information and copies of available health insurance for the daughter. To the extent that defendant is seeking other relief, he has failed to identify such relief or a legal and factual basis for such relief. He has also failed to identify that he requested such relief before the family court.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0782-19T3