**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2637-19

HAMILTON STATION
APARTMENTS, LLC,

      Plaintiff-Respondent,

v.

GISELLE TRUJILLO and
VICTOR ABREU,

      Defendants-Appellants.

_____

Submitted May 5, 2021 – Decided June 23, 2021

Before Judges Sumners and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. LT-6756-19.

Giselle Trujillo and Victor Abreu, appellants pro se.

The Weingarten Law Firm, LLC, attorneys for the respondent (Douglas K. Wolfson, of counsel and on the brief; Meir S. Kalish, on the brief).

PER CURIAM

Defendants Giselle Trujillo and Victor Abreu appeal from the Special Civil Part judge's December 20, 2019 order entering default judgment of possession in favor of plaintiff Hamilton Station Apartments, LLC (Hamilton Station). Defendants contend that the judge erred in entering a default judgment as he violated multiple court rules and accuse the judge and Hamilton Station of participating in a conspiracy against them. We disagree and affirm.

Defendants are tenants at Hamilton Station's apartment complex under a written lease agreement. In November 2019, they defaulted on their lease when their automatic monthly lease payment was rejected due to insufficient funds. In accordance with the lease, an attorney's fee of $350 was added to defendants' account balance along with unpaid rent. Hamilton Station promptly filed eviction proceedings against defendants.

On December 20, default judgment of possession was entered in favor of Hamilton Station because defendants failed to appear for trial. A warrant for removal was issued on December 31.

On January 16, 2020, the judge granted defendants' request to stay the warrant of removal until March 31, 2020, on the condition that they pay into court $3,167.28, the full amount due at the time plus subsequent rents due. Defendants paid $3,167.28 as well as their February and March rents, therefore

A-2637-19

Hamilton Station did not request execution of the warrant of removal. Defendants did not reserve their rights to contest the amount of the outstanding rent, attorney's fees, and court costs.

With the tenancy proceedings closed, defendants filed their notice of appeal. Thereafter, they filed separate motions with this court requesting a "refund of all attorneys and court fees and complaint against the judge for monetary relief" and an investigation by the federal government and the United States Department of Housing and Urban Development be ordered by this court. Both motions were denied.

We begin by noting that defendant's brief is non-compliant with our court rules. Their brief contains no: point headings, R. 2:6-2(a)(6); table of citations, R. 2:6-2(a)(2); or citations to court rules, R. 2:6-2(a)(6). Despite these deficiencies, we address the merits of defendants' contentions. Cf. Cherry Hill Dodge, Inc. v. Chrysler Credit Corp., 194 N.J. Super. 282, 283-84 (App. Div. 1984) (holding that a failure to comply with the rules on appeal is sufficient reason for dismissal of the appeal).

Defendants contend that the judge erred in entering a default judgment of possession against them because he knew they were present at the courthouse for trial on December 20, 2020, and had paid their outstanding rent. They assert

A-2637-19

the default judgment must therefore be "removed and corrected from [their] records." We disagree.

Defendants never challenged the issuance of the default judgment by moving before the trial court to vacate the default judgment. Consequently, their contention should not be considered by this court as it does not "go to the jurisdiction of the trial court or concern matters of great public interest." Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)).

That said, the issue is now moot as the "decision sought in [this] matter . . . . can have no practical effect on the existing controversy." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011) (quoting Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006)). Because the warrant of removal was not executed by Hamilton Station after defendants paid outstanding rent, attorney's fees, and costs, vacating the default judgment would have had no practical effect on defendants' lease. Moreover, defendants did not request reservation of their rights to contest the amount due to Hamilton Station.

4

We do not address any of defendants' remaining arguments because we conclude they are wholly without merit and do not warrant discussion in a written opinion.   R. 2:11-3(e)(1)(E).

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION