**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3677-20

DORIS MANRIQUE,

    Plaintiff-Appellant,

v.

UNIVERSAL DENTAL
IMPLANT CENTER,

    Defendant-Respondent.

_____

        Submitted September 21, 2022 – Decided October 3, 2022

        Before Judges Vernoia and Firko.

        On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. SC-000163-21.

        Doris Manrique, appellant pro se.

        Curtis J. LaForge, attorney for respondent.

PER CURIAM

    Plaintiff Doris Manrique, who is self-represented, appeals from a July 1, 2021 Special Civil Part order dismissing her complaint following a bench trial.

In her complaint, plaintiff alleged defendant Universal Dental Implant Center breached its contract by failing to complete dental work she asserted it agreed to perform. Because the trial court's findings are supported by substantial credible evidence in the record, we affirm.

I.

On September 1, 2020, plaintiff filed a complaint alleging a single cause of action for breach of contract in the Small Claims Section of the Special Civil Part. Per Rule 6:3-1(6), defendant did not file an answer.[1] In her complaint, plaintiff alleges she was evaluated at defendant's office for placement of crowns on her four front teeth and treatment of her canine teeth at a cost of $5,000. Plaintiff paid a $3,000 deposit and sought a refund of her deposit money.

Plaintiff was the sole witness at trial. Much of her testimony concerned dissatisfaction with one of the crowns, which she wanted removed, and defendant's refusal to treat her canine teeth and occlusion. Plaintiff claimed she "trusted" defendant to perform additional work on her canine teeth and became upset when the dentist refused to do so. Plaintiff terminated her relationship with defendant at the third visit and demanded her $3,000 payment be refunded.

_____

[1] Rule 6:3-1(6) states: "[N]o answer shall be permitted in summary actions between landlord and tenant, summary ejectment and unlawful entry and detainer actions or in actions in the Small Claims Section . . . ."

A-3677-20

The court found plaintiff's testimony to be credible because her financial interest in the judgment did not affect her candor. But, in its decision, the court determined both parties performed under their agreement. The court declined to consider any putative professional negligence claim on the basis it lacked jurisdiction under Rule 6:1-2(a)(2).[2] The complaint was dismissed by the court because plaintiff did not prove a cause of action for breach of contract by a preponderance of the evidence. A memorializing order was entered.

On appeal, plaintiff presents four arguments for our consideration:

> (1) the court erred in dismissing the complaint because defendant did not act reasonably as a business;
>
> (2) defendant used coercive and exploitive tactics in denying her request for a referral and her right to choose where to receive care;
>
> (3) defendant failed to conspicuously post its refund policy and failed to provide healthcare documentation to plaintiff; and

---

[2] Rule 6:1-2(a)(2) provides in pertinent part:

> Small claims actions, which are defined as all actions in contract and tort (exclusive of professional malpractice, probate, and matters cognizable in the Family Division or Tax Court) and actions between a landlord and tenant for rent, or money damages, when the amount in dispute, including any applicable penalties, does not exceed, exclusive of costs, the sum of $3,000 . . . .

3

(4) defendant did not communicate with plaintiff in the language she fluently speaks thereby voiding any verbal contract, and failed to provide adequate treatment and care to a person of a different background.

## II.

We afford a deferential standard of review to the factual findings of the trial court on appeal from a bench trial. Balducci v. Cige, 240 N.J. 574, 594 (2020); Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974). A trial court's findings will not be disturbed unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Id. (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). Accordingly, "findings by a trial court are binding on appeal when supported by adequate, substantial, credible evidence." Gnall v. Gnall, 222 N.J. 414, 428 (2015). However, our review of a trial court's legal determinations is plenary. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (citing Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995)).

We note from the onset plaintiff's brief is deficient because the legal arguments are not divided under appropriate point headings in violation of Rule 2:6-2(a)(6). Plaintiff also improperly raises new arguments for the first time on

appeal that were not presented to the trial court in contravention of Rule 2:6-2(a)(1). And, plaintiff's brief does not contain statements of fact referencing the appendix and trial transcript, and her legal arguments do not cite law in violation of Rules 2:6-8 and 2:6-2(a)(6).

These procedural errors provide a basis to dismiss the appeal. See Cherry Hill Dodge, Inc. v. Chrysler Credit Corp., 194 N.J. Super. 282, 283-84 (App. Div. 1984). Nonetheless, in the interests of justice, we will address plaintiff's arguments. See In re Zakhari, 330 N.J. Super. 493, 495 (App. Div. 2000).

A breach of contract lies where plaintiff proves: (1) the existence of a valid contract between the parties; (2) plaintiff's performance under that contract; (3) defendant's failure to perform under that contract; and (4) plaintiff's damages flowing from that failure. Goldfarb v. Solimine, 245 N.J. 326, 338 (2021). A valid contract includes a meeting of the minds, offer and acceptance, consideration, and certainty in the terms of an agreement. Id. at 339.

Here, the trial court correctly determined plaintiff's contract with defendant was for the provision of crowns for her four front teeth and defendant installed the crowns. The court rejected plaintiff's claim that defendant also agreed to correct any issues related to her occlusion. Moreover, the court did not find plaintiff requested additional work on her canine teeth

5

contemporaneously with the work performed on her front teeth before requesting that work on her third visit. We discern no basis to interfere with the trial court's findings of fact or conclusions of law, which are based on substantial credible evidence in the record.

For the first time on appeal, plaintiff asserts defendant misrepresented the treatment plan, improperly retained her money, refused to provide her with her records, a language barrier voids the contract, and the agreement is void because the parties did not reduce it to a writing. We reiterate the Appellate Division "will decline to consider . . . issues not properly presented to the trial court when an opportunity for such a presentation is available," unless those issues "go to the jurisdiction of the trial court or concern matters of great public interest." Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). In order for this court to elect to hear issues not properly presented to the trial court because they concern matters of great public interest, the record must be "sufficiently complete to permit . . . adjudication [of the issues]." E.S. v. H.A., 451 N.J. Super. 374, 382 (App. Div. 2017).

Plaintiff's arguments on appeal fall outside the scope of her complaint and are based on information that was not before the trial court. She is limited to the record on appeal. See R. 2:5-4(a) (limiting the record on appeal to all papers

6

on file with the trial court or agency below).  Therefore, we need not consider these arguments.

To the extent we have not addressed plaintiff's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3677-20