**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2442-23

ABIODUN TOHEEB OLANIWUN,

    Plaintiff-Appellant,

v.

SALERNO DUANE AUTO
GROUP and ALLY BANK,

    Defendants-Respondents.

_____

Submitted October 16, 2025 – Decided March 27, 2026

Before Judges Berdote Byrne and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. DC-005899-23.

Abiodun Toheeb Olaniwun, self-represented appellant.

O'Toole Scrivo, LLC, attorneys for respondents (Kenneth B. Goodman, of counsel and on the brief; Adam W. Flannery, on the brief).

PER CURIAM

Plaintiff Abiodun Toheeb Olaniwun, who is self-represented, seeks reversal of the Special Civil Part's October 18, 2023 order dismissing his complaint against defendants Ally Bank and Salerno Duane Auto Group (the "dealership"). The trial court entered a directed verdict in favor of Ally Bank at the end of plaintiff's case under Rule 4:37-2(b) and rendered a judgment in favor of the dealership at the trial's conclusion. After considering the parties' arguments, reviewing the record, and applying the relevant law, we affirm.

I.

On June 8, 2023, plaintiff sought to purchase a used Jeep Wrangler from the dealership using pre-approved financing from JPMorgan Chase Bank ("Chase") and supplementing the purchase price with his current vehicle trade-in and cash. Plaintiff, while working with a dealership salesperson, discussed both the price of the vehicle and plaintiff's desire to only use the financing he received from Chase. As negotiations proceeded, plaintiff began to work with the dealership's finance manager, Sal Zebardast, to complete the purchase. As a result of those discussions, plaintiff selected several add-ons to the purchase including GAP insurance, a Vehicle Service Contract with roadside assistance, and a Premier Choice Plus Benefit package. The addition of these products required greater financing than that acquired from Chase. The dealership then

2

sought, and ultimately obtained, financing from Ally Bank for plaintiff that involved a higher loan amount with payments spread over a longer period. Plaintiff accepted the new loan and took delivery of the vehicle.

One week later, on June 13, 2023, plaintiff sued both the dealership and Ally Bank, alleging that both parties committed fraud. Plaintiff sought $20,000 in damages to compensate him for the difference in loan payments charged by Ally Bank and what he had anticipated paying if he were able to use the Chase financing. He also alleged the dealership fraudulently placed his signature on documents that reflected terms more favorable to itself and that his credit was negatively impacted by Ally Bank.

Pre-trial, defendants moved to bar plaintiff's request to admit certain emails he exchanged with Chase about the financing arrangement. The court granted this application concluding the emails were inadmissible hearsay. The trial court did, however, permit the introduction of other original documents surrounding the loan and plaintiff's acceptance of it.

Plaintiff's trial testimony was extensive as he detailed the efforts he took to obtain pre-financing with Chase and his later interactions with the dealership and its representatives about the circumstances surrounding the purchase of the vehicle. Plaintiff relied heavily on the GAP Addendum that listed Chase Bank

as lienholder, the Vehicle Service Contract that also named Chase Bank, and the Premier Choice Plus Benefits package agreement to support his ultimate position that defendants were liable for the fraud he alleged and for which he sought compensation.

At the end of plaintiff's case, the trial court granted Ally Bank's request for a directed verdict, concluding plaintiff failed to establish a prima facie case of any wrongdoing on Ally Bank's part as a purported lienholder. The trial court, however, denied the dealership's identical request, holding plaintiff facially established "there may have been an agreement with [Chase] that somehow baited and switched."

During the dealership's case-in-chief, Zebardast testified that he initially prepared financing documents—including the GAP Addendum and Vehicle Service Contract—based on terms with Chase Bank. When plaintiff opted to purchase additional products, the original financing terms were no longer applicable and required a new search for available funding. Zebardast ultimately secured financing through Ally Bank in light of plaintiff's amended purchase terms. As to inconsistencies between the documents, Zebardast explained that the GAP Addendum and Vehicle Service Contract were re-executed to list Ally Bank according to the financing requirements for these "back end" products,

which must be itemized and submitted to the lender. The Premier Choice Benefits package, a "front end" product, as he testified, was treated as part of the initial vehicle sale and did not require re-execution. Zebardast specifically addressed the discrepancies in the documents and attributed them to an error on his part. He indicated he prepared paperwork prematurely and corrected it after recalculating the financing but inadvertently failed to update the Premier Choice Benefits package agreement.

At the start of Zebardast's cross-examination, plaintiff attempted to question the dealership's salesperson who had initially assisted with the car purchase and who was present in the courtroom during the trial. The court directed plaintiff to confine his questioning to Zebardast, the current witness who was testifying at the time. Plaintiff did not call the original salesperson as a witness.

After summations, the trial court concluded Zebardast's testimony was more credible than plaintiff's. The trial court specifically noted the lack of consistency in plaintiff's testimony and his failure to prove his claims and any damages by a preponderance of the evidence. Consequently, the court entered judgment dismissing plaintiff's complaint.

A-2442-23

Plaintiff appealed but consistently failed to file his appellate brief and appendix within the required time. This appeal was dismissed three times. Plaintiff moved to reinstate the appeal and we liberally granted each application. Most recently, we accepted plaintiff's brief and appendix as within time, but did so "without prejudice to respondents arguing in their merits brief that appellant's brief and appendix are deficient."[1]

## II.

Plaintiff's specific arguments are difficult to discern from his brief and appendix. A fair reading of both suggests that he seeks a reversal of the trial court's dismissal decisions and argues the trial court erred when it barred

---

[1] Plaintiff's brief fails to comply with our procedural rules, most notably the absence of substantive point headings, as required by Rule 2:6-2(a)(1) and (6). Furthermore, the brief contains no discernible legal argument and merely summarizes documents submitted at trial, in violation of Rule 2:6-2(a)(6). The statement of facts does not include required references to the appendix or trial transcripts, as mandated by Rule 2:6-2(a)(5). In addition, plaintiff's appendix does not contain a complete copy of the contract—arguably the most important document submitted at trial, as defendants assert—contravening Rule 2:6-1(a)(1)(I). It also includes trial exhibits that plaintiff altered after trial, in violation of Rule 2:6-1(a)(3). These procedural errors provide a basis for the dismissal of the appeal. See Cherry Hill Dodge, Inc. v. Chrysler Credit Corp., 194 N.J. Super. 282, 283-84 (App. Div. 1984). Notwithstanding these facts, however, and in the interest of justice, we address plaintiff's substantive arguments to the extent we are able to discern them. See In re Zakhari, 330 N.J. Super. 493, 495 (App. Div. 2000).

6

plaintiff's communications with Chase as hearsay, and similarly erred when it admitted certain documents proffered by defendants. He also argues, for the first time on appeal, the trial court should have permitted him to call the dealership's salesperson as a witness.

We do not find merit in these contentions.

A.

The trial court did not misapply its discretion when it granted defendants' motion in limine to exclude the email communications between plaintiff and Chase as hearsay. Similarly, the trial court correctly admitted certain documents proffered by defendants.

We defer to a trial court's evidentiary rulings unless those decisions represent a misapplication of the trial court's discretion. See State v. Garcia, 245 N.J. 412, 430 (2021). We will only substitute our judgment for the trial court's if the ruling is "so wide of the mark that it constitutes a clear error in judgment." State v. Medina, 242 N.J. 397, 412 (2020) (quoting State v. Brown, 170 N.J. 138, 147 (2001)).

Pre-trial, defendants asked the trial court to exclude plaintiff's emails from Chase that purportedly approved the plaintiff's vehicle loan and detailed the financing terms, claiming they are inadmissible hearsay. Without a Chase

A-2442-23

employee present to verify and explain the emails, defendants argued, they should not be allowed as evidence. We agree.

Our rules of evidence define hearsay as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." N.J.R.E. 801(c). Hearsay is presumptively inadmissible unless an exception applies. N.J.R.E. 802. "The hearsay prohibition ensure[s] the accuracy of the factfinding process by excluding untrustworthy statements, such as those made without the solemnity of the oath, and not subject to cross-examination . . . or the [factfinder's] critical observation of the declarant's demeanor and tone." James v. Ruiz, 440 N.J. Super. 45, 60 (App. Div. 2015) (first alteration in the original) (quoting Neno v. Clinton, 167 N.J. 573, 579 (2001)) (internal quotation marks omitted). "In addition, there can be an aspect of unfairness, even in civil cases, in the substantive admission of hearsay statements by an absent declarant, without affording the opposing party a chance to cross-examine that person before the fact-finder." Ibid. (footnote omitted).

Here, as the trial court correctly found, plaintiff planned to introduce the emails for their substantive truth without calling any witness from Chase who would be subject to cross-examination. The emails, therefore, were hearsay

under <u>Rule</u> 801(c). Plaintiff offered no exception to allow for their admission. <u>See</u> <u>R.</u> 802; <u>James</u>, 440 N.J. Super. at 60.

Similarly, in their case-in-chief, defendants sought to admit certain documents related to the transaction into evidence, namely the GAP Addendum that named Ally Bank as the lienholder, an agreement to provide insurance, a Vehicle Services Contract with roadside assistance naming Ally Bank as the lienholder, and a maintenance care agreement. Zebardast testified he created these documents in the course of business as the dealership's finance manager. Additionally, he testified that each was a true and accurate representation of what they purported to be. Plaintiff objected to their admission asserting they were either forged or otherwise generally fraudulent.

We conclude the documents proffered by defendants were properly authenticated and admissible as established by the testimony of defendants' witness. Writings must be authenticated before they are admitted into evidence. <u>State v. Marroccelli</u>, 448 N.J. Super. 349, 364 (App. Div. 2017). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must present evidence sufficient to support a finding that the item is what its proponent claims." N.J.R.E. 901. The authentication burden under <u>Rule</u> 901 is not "onerous." <u>Marroccelli</u>, 448 N.J. Super. at 364; <u>State v. Hockett</u>, 443 N.J.

Super. 605, 613 (App. Div. 2016). "The rule does not require absolute certainty or conclusive proof. The proponent of the evidence is only required to make a prima facie showing of authenticity." State v. Mays, 321 N.J. Super. 619, 628 (App. Div. 1999). "Once a prima facie showing is made, the writing or statement is admissible and the ultimate question of authenticity is left to the [factfinder]." Ibid.

Through the testimony of its witness, defendants' counsel laid a proper foundation for the admission of these documents and, consequently, the trial court properly admitted them. Zebardast testified that these documents were each created in the course of business by him as the dealer's finance person. Further, he testified that each was a true and accurate representation of what they purported to be. Plaintiff was therefore free to critique them either on cross-examination, through his own testimony, or through any other witnesses he wished to call. The trial court would then be free to ascribe whatever weight it wished to the evidence.

Deferring to the trial court's evidentiary rulings and considering plaintiff's insufficient objections, the trial court's rulings do not appear ". . . 'so wide of the mark' that it constitutes 'a clear error in judgment.'" Garcia, 245 N.J. at 429

(quoting Medina, 242 N.J. at 412). We conclude the trial court's evidentiary rulings reflect proper exercise of its discretion.

B.

Similarly, the trial court did not misapply its discretion when it declined to allow plaintiff's questioning of an unsworn and uncalled witness. At the commencement of the cross-examination of defendants' witness, plaintiff attempted to question defendants' salesperson who was present in the courtroom and observing the trial proceedings. The trial court properly prohibited such questioning, as the witness had not been called to testify by either party. Upon review of the record, it is evident that plaintiff did not attempt to call the salesperson as a witness at any subsequent stage, nor did he object to the trial court's ruling precluding the questioning to preserve the issue on appeal

We consider allegations of errors or omissions not brought to the trial court's attention only if they meet the plain error standard under Rule 2:10-2. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); see Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on Rule 2:10-2 (2026). We frequently decline to consider issues that were not raised below or not properly presented on appeal when the opportunity for presentation was available. Ibid. Generally, unless an issue goes to the jurisdiction of the trial court or concerns

matters of substantial public interest, we will ordinarily not consider it. J.K. v. N.J. State Parole Bd., 247 N.J. 120, 138 n.6 (2021). "Relief under the plain error rule, R. 2:10-2, at least in civil cases, is discretionary and 'should be sparingly employed.'" Baker v. Nat'l State Bank, 161 N.J. 220, 226 (1999) (quoting Ford v. Reichert, 23 N.J. 429, 435 (1957)).

First, we note plaintiff did not raise this issue before the trial court and we do not discern that the trial court's action represents one that would be considered as part of the jurisdiction of this court or a matter of substantial public interest.

Second, trial courts have broad discretion to control the courtroom and the proceedings and is empowered to ". . . exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence to (1) make those procedures effective for determining the truth; [and] (2) avoid wasting time." N.J.R.E. 611(a).

In light of these principles, we discern no error in the trial court's decision to focus plaintiff's questioning on the witness then on the stand. When the examination concluded, plaintiff did not renew his request to call the other witness and the trial court did not expressly prohibit it.

To the extent we have not addressed plaintiff's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2442-23