**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0304-24

U.S. BANK NATIONAL
ASSOCIATION, as trustee for
VELOCITY COMMERCIAL
CAPITAL LOAN TRUST 2021-2,

      Plaintiff-Respondent,

v.

LIVING WATER CHRISTIAN
ASSEMBLY OF SMYRNE, a New
Jersey non-profit corporation and
DONNIE PATTERSON, individually
and as Pastor of LIVING WATER
CHRISTIAN ASSEMBLY OF
SMYRNE,

      Defendants-Appellants.

_____

928 18TH AVE TYH, LLC,

      Intervenor-Respondent.

_____

Submitted April 13, 2026 – Decided April 24, 2026

Before Judges Sabatino and Bergman.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-000054-22.

Joel C. Seltzer, attorney for appellants.

Fidelity National Law Group, attorneys for intervenor-respondent (Hugh A. Keffer, on the brief).

PER CURIAM

Defendants Living Water Christian Assembly of Smyrne and Pastor Donnie Patterson appeal from two Chancery Division orders, the first denying a motion to vacate a foreclosure judgment and the second denying a motion to stay or vacate a subsequent Sheriff's Sale. Defendants based their motions on ineffective service of the foreclosure complaint on Patterson as well as the failure to provide notice of the Sheriff's Sale on him . Having considered the arguments in light of the record and applicable legal principles, we affirm.

I.

We recite the underlying facts and procedural history relevant to our decision from the trial court record. On or about June 24, 2021, Living Water Christian Assembly of Smyrne ("the Church"), through its Pastor, Donnie Patterson, executed and delivered a Term Note and Loan Agreement to Velocity Commercial Capital, LLC ("Velocity"), in the principal amount of $350,000. Simultaneously with execution of the Term Note, Patterson individually

2

executed an Unlimited Guarantee ensuring that the debt would be repaid. To secure payment of the Note, the Church, through Patterson as its officer, executed and delivered a Commercial Mortgage, Security Agreement, and Assignment of Leases and Rents on 928-934 18th Avenue in Newark to Velocity. The mortgage was recorded with the Clerk of Essex County on July 9, 2021, under Instrument No. 2021093268.

Defendants failed to pay their monthly mortgage obligation due August 1, 2021, and subsequently failed to cure the default. On October 21, 2021, a Demand for Delinquent Payment, Notice of Default, and Notice of Intent to Accelerate was sent to defendants. Defendants failed to respond. On December 3, 2021, Velocity executed an Assignment of Mortgage to U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2021-2, which was recorded with the Essex County Clerk on December 8, 2021.

On January 4, 2022, plaintiff initiated a foreclosure action through the filing of a "Complaint in Commercial Mortgage Foreclosure." The parties stipulated to an extension for the Church[1] to answer by February 28, 2022, which the Church accomplished on that date. A Deficiency Notice was entered by the court on February 22, 2022 because plaintiff had not provided proof of service

---

[1] The stipulation refers only to the "defendant" and not any specific names.

A-0304-24

of the complaint on Patterson. On March 7, 2022, plaintiff filed an affidavit of service stating that service on Patterson was left with a person "authorized to accept service" on January 13, 2022 and simultaneously requested entry of default against Patterson individually for failing to plead or otherwise answer. The individual named on the affidavit of service was "Pastor Genette"[2] described as a "Black female around 60 years of age."

Thereafter, plaintiff moved for summary judgment, which the court granted on May 30, 2023. The order further declared that the mortgage is a valid first mortgage lien against the property, struck the answer filed by the Church, entered default against it, and remanded the action to the Office of Foreclosure to proceed as an uncontested matter.[3] On August 14, 2023, final judgment was entered including the following terms: (1) plaintiff shall be entitled to the sum of $449,617.53, plus contract interest, as well as costs of the suit; (2) plaintiff, assignee, or purchaser at Sheriff's Sale, shall be entitled to possession of the property; (3) the property shall be sold to satisfy the mortgage; and (4)

---

[2] Review of the Church's corporate resolutions in the record shows Pastor "Jeannette Eugene" is one of its corporate officers.

[3] In the order under appeal, the court referenced the motion was granted for "[r]easons placed on record 5/30/23," however defendants did not provide the transcript for the hearing of the May 30, 2023 proceeding.

A-0304-24

defendants shall be foreclosed from any and all equity of redemption of the mortgaged property.

Subsequently, the court denied the Church's motion to vacate default and to adjourn the Sheriff's Sale scheduled for February 6, 2024. On that date, Intervenor, 928 18th Ave TYH, LLC, bought the property at Sheriff's Sale for $571,000, and the Sheriff's deed was recorded May 15, 2024. On May 24, 2024, a Writ of Possession was entered establishing that intervenor was the purchaser at the sale.

On July 16, 2024, the court denied defendants' motion requesting an extension of its right of redemption.[4] On July 26, 2024, Patterson moved to vacate and reschedule the Sheriff's sale that took place on February 6 and to direct the Sheriff of Essex County to withhold deposit monies paid by the third-party bidder to be applied to any losses sustained by plaintiff from the resale. During the pendency of Patterson's motion, on July 31, 2024, the Church filed an order to show cause requesting an "adjourn[ment] and/or stay the execution of the writ of possession and to vacate the writ of possession" claiming Patterson was not served with a notice of the sale.

---

[4] Although the order stated the motion was denied for "[r]easons placed on record," plaintiff failed to provide a transcript of the July 16, 2023 proceeding in this appeal.

A-0304-24

On August 21, 2024, the court entered an order denying Patterson's motion. The court found:

> Defendants in this matter have made several attempts to stay, adjourn, and vacate both the final judgment and the sheriff[']s sale and eviction in this matter. A motion to vacate final judgment and stay the sale was denied in February 2024 after oral argument. A motion to vacate the sheriff[']s sale was denied in July 2024 after oral argument. A motion to stay the eviction was denied in July 2024 after oral argument. <u>The reasons for these denials have been placed on the record and are the same reasons for the denial of the motion herein.</u> Succinctly, the sheriff[']s deed has been delivered and there has been no law presented by movant to support the right to the relief sought. Furthermore, defendant Patterson is in default and has not moved to be reinstated. Finally, defendant Patterson claims he was not served with notice of the sale; however, plaintiffs opposition included proof of service by certified mail upon defendant Patterson. For the foregoing reasons, defendant's motion is denied.
>
> [Emphasis added.]

On appeal, defendants contend the trial court erred in not vacating the foreclosure judgment contending Patterson did not receive proper notice of the complaint because plaintiff allegedly failed to serve the summons and complaint upon him pursuant to <u>Rule</u> 4:4-4(a). Defendants further contend the court erred in not vacating the Sheriff's Sale because Patterson's Due Process rights were

violated because he did not receive valid notice of the sale or an opportunity to object.

## II.

Established legal principles govern the vacation of a default judgment. An order resulting from "an application to open, vacate or otherwise set aside a foreclosure judgment or proceedings subsequent thereto is subject to an abuse of discretion standard." United States v. Scurry, 193 N.J. 492, 502 (2008). Accordingly, "[t]he trial court's determination . . . warrants substantial deference and should not be reversed unless it results in a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016) (omission in original) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). We "find[] an abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on impermissible bias.'" Guillaume, 209 N.J. at 467 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

A default judgment is void "when a substantial deviation from service of process rules has occurred, casting reasonable doubt on proper notice." Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003). Defendant has "the overall burden [to demonstrate] that its failure to answer or

7

otherwise appear and defend should be excused." Id. at 425-26. A foreclosure judgment is typically void if service of process on the property owner was defective. See M & D Assocs. v. Mandara, 366 N.J. Super. 341, 352-54 (App. Div. 2004). "If defective service renders the judgment void, a meritorious defense is not required to vacate the judgment under [Rule] 4:50-1(d)." Jameson, 363 N.J. Super. at 425.

Procedural due process requires notice and an opportunity to be heard. Mettinger v. Globe Slicing Mach. Co., 153 N.J. 371, 389 (1998); see also Doe v. Poritz, 142 N.J. 1, 106 (1995). "Due process is not a fixed concept . . . but a flexible one that depends on the particular circumstances." Doe, 142 N.J. at 106. "Fundamentally, due process requires an opportunity to be heard at a meaningful time and in a meaningful manner." Ibid. Further, "[w]here due process has been afforded [to] a litigant, technical violations of the rule concerning service of process do not defeat the court's jurisdiction." Rosa v. Araujo, 260 N.J. Super. 458, 463 (App. Div. 1992) (citing O'Connor v. Altus, 67 N.J. 106, 127-28 (1975)). "Thus, 'not every defect in the manner in which process is served renders the judgment upon which the action is brought void and unenforceable.'" Citibank, N.A. v. Russo, 334 N.J. Super. 346, 352 (App. Div. 2000) (quoting Rosa, 260 N.J. Super. at 462).

Defendants argue that Patterson was not properly served with the foreclosure complaint because plaintiff's attempted service at the Church's address in Newark was invalid because Patterson resided in Florida, which was a fact known to plaintiff. They assert that the individual who accepted service at the Church, "Pastor Genette," was not authorized to do so and that this method of service did not comply with Rule 4:4-4(a), which requires personal service at an individual's residence or to an authorized person. Defendants contend this defective service deprived him of adequate notice and opportunity to respond and resulted in the loss of property without a chance to redeem or object before the statutory deadline. Defendants also argue that Patterson was not provided valid notice of the Sheriff's Sale, rendering the sale null and void. We are not persuaded by defendants' arguments.

Initially, we note defendants have not submitted transcripts for the earlier motion hearings where the court provided reasons supporting denial of those motions. We conclude those transcripts were required to be provided in this appeal because the court referenced those reasons as its bases for entering the order now under appeal. As noted in the order, the court stated its reasons for the denial of defendants' motion were provided in its decisions in prior motion proceedings held in February and July 2024. Additionally, defendants have not

9

provided relevant mortgage documents as part of their appendix nor referenced the documents in their briefing, which would provide the address Patterson submitted on the mortgage application as well as the address listed on the mortgage and guarantee.

Pursuant to Rule 2:8-2, we may, on our own motion, dismiss an appeal because of procedural defects, particularly when deficiencies make it impossible to review issues on the merits. In re Zakhari, 330 N.J. Super. 493, 495 (App. Div. 2000); Pressler & Verniero, Current N.J. Court Rules, comment 1.2.8 on R. 2:8-2 (2026). "[O]ur Court Rules require that 'if a verbatim record was made of the proceedings before the court . . . from which the appeal is taken, the appellant shall, no later than the time of the filing and service of the notice of appeal, serve a request for preparation of an original and copy of the transcript . . . .'" Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 55 (2004) (omissions in original) (quoting R. 2:5-3(a)). In this instance, defendants failed to provide the court's oral statements of reasons for all proceedings relevant to this appeal.

Although defendant's failure to provide the required transcripts is sufficient basis to dismiss their appeal and has hindered our review, we conclude the record, including respondent's submission contained sufficient evidence and information to decide this appeal on its merits.

Under Rule 4:50-1(d), "a default judgment is void if 'taken in the face of defective personal service,' if the defect is so significant that it 'cast[s] reasonable doubt on proper notice.'" BV001 REO Blocker, LLC v. 53 Somerset St. Props., LLC, 467 N.J. Super. 117, 125 (App. Div. 2021) (quoting Jameson v. Great Atl. and Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003)); see also Sobel v. Long Island Ent. Prods., Inc., 329 N.J. Super. 285, 292-93 (App. Div. 2000) (finding default judgments "will not be vacated for minor flaws in the service of process" but should be set aside "for a substantial deviation from the service of process rules").

"The primary method of obtaining in personam jurisdiction over a[n individual] defendant in this State is by causing the summons and complaint to be personally served within this State pursuant to [Rule] 4:4-3." U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016) (quoting R. 4:4-4(a)). Pursuant to Rule 4:4-3(a), a summons and complaint "shall be served . . . by the sheriff, or by a person specially appointed by the court for that purpose, or by plaintiff's attorney or the attorney's agent, or by any other competent adult not having a direct interest in the litigation." The person who served the complaint and summons must submit proof of service in the form of an affidavit. R. 4:4-3(a) and -7.

11

In its order, the trial court determined the summons and foreclosure complaint was personally served to "Pastor Genette," an individual over the age of 14 years at the address of the Church based on the affidavit of personal service provided by plaintiff as part of its request to enter default. Tellingly, defendants have failed to provide the relevant transcripts or documents, including copies of the mortgage, mortgage note, guarantee, or other proofs that Patterson's Florida address was listed as his residence on any of these documents rather than the address of the Church, where the mortgaged property was located. We conclude defendants have failed to provide sufficient proofs that the court abused its discretion by finding the motion record contained sufficient, credible evidence that Patterson was validly served at the Church property through Pastor Genette.

In addition, defendant's argument that plaintiff was aware of Patterson's Florida address for purposes of service by way of information contained in the pleadings in a separate civil action is an insufficient basis to vacate the foreclosure judgment. Defendants provide no legal authority supporting their argument that an address provided in the pleadings in a separate and distinct legal action is legally sufficient to require plaintiff to serve Patterson at that address.

A-0304-24

Turning to defendants' contention that the notice of Sheriff's Sale to Patterson was deficient, the court found despite Patterson's claims that he was not served with notice, plaintiff provided proof of delivery of notice to him by way of certified mail. Defendants have failed to provide any proofs to rebut these proofs. Therefore, we conclude the court's finding that Patterson was provided notice of the sale by way of certified mail was based on credible evidence in the record and was not error.

To the extent we have not expressly addressed any of defendants' remaining issues, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

13